JAMES E. DVORAK, Plaintiff-Appellant, v. THE RETIREMENT BOARD
OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND *et al.*,
Defendants-Appellees.

First District (3rd Division)   No. 1—96—0905

Opinion filed March 26, 1997.

GORDON, J., dissenting.

Jack J. Crowe, of Winston & Strawn, of Chicago, for appellant.

David R. Kugler, of Chicago, for appellees.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Defendants, the Retirement Board of the Policemen's Annuity & Benefit Fund, City of Chicago, and individually named board members Walter E. Knorr, Gary B. Helms, Robert F. Reusche, Miriam Santos, Charles R. Loftus, John J. Thulis, Kenneth A. Hauser, Richard J. Jones, and executive director James B. Waters, Jr. (collectively, the Board), revoked plaintiff James E. Dvorak's (Dvorak's) pension benefits after he was convicted of two felony counts in federal district court. The trial court affirmed the administrative order in favor of the defendant and this appeal followed. On appeal, plaintiff argues that the Board erred in denying him his pension benefits because he was not a policeman with the Chicago police department as defined by the Illinois Pension Code (the Code) (40 ILCS 5/1—101) (West 1994)) at the time that he committed the felonies and, therefore, his felonies were not relating to or arising out of or in connection with his service as a policeman for the Chicago police department.

## BACKGROUND

Plaintiff was appointed to the Chicago police department on March 28, 1966. During 1986, he applied for and was granted authority to take a leave of absence for the purpose of serving as undersheriff in the Cook County sheriff's office.

On April 9, 1987, while still on a leave of absence and working as undersheriff, plaintiff applied to the Board seeking the right to contribute to his pension fund with the Chicago police department, pursuant to section 5—214(c) of the Pension Code (40 ILCS 5/5—214(c) (West 1994)), on the basis that his job included "performing safety or investigative work for the county in which [Chicago] is principally located." Section 5—214, entitled "Credit for other service," provides in pertinent part:

"Credit for other service. Any participant in this fund (other than a member of the fire department of the city) who has rendered service as a member of the police department of the city for a period of 3 years or more is entitled to credit for the various

purposes of this Article for service rendered prior to becoming a member or subsequent thereto for the following periods:

* * *

(c) While performing safety or investigative work for the county is which such city is principally located or for the State of Illinois or for the federal government, on leave of absence from the department of police, or while performing investigative work for the department as a civilian employee of the department." 40 ILCS 5/5—214 (West 1994).

The Board granted plaintiff authority to make contributions during his employment as undersheriff.

■ As of March 12, 1990, plaintiff was no longer employed as undersheriff and began to receive his retirement pension from the pension fund. On April 28, 1994, after he had already retired and was receiving his pension, Dvorak pled guilty and was convicted of two felony counts in federal district court. Both convictions related to plaintiff's conduct while he was employed as the undersheriff. One count involved tax fraud and the other count charged that plaintiff had participated in and accepted bribes in the procurement of certain contracts. Upon learning of the convictions, the Board terminated Dvorak's pension benefits pursuant to section 5—227 of the Pension Code. Section 5—227, entitled "Felony Conviction," provides in pertinent part:

"Felony conviction. None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman.

None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony while in receipt of disability benefits.

* * *

All future entrants entering service subsequent to July 11, 1955, shall be deemed to have consented to the provisions of this Section as a condition of coverage." 40 ILCS 5/5—227 (West 1994).

Plaintiff petitioned for reinstatement of his benefits, and on July 28, 1994, the Board held a hearing to review the issue. Thereafter, on September 22, 1994, the Board denied plaintiff's application for reinstatement of his pension benefits. In its order, the Board cited sections 5—214 and 5—227 and concluded, in pertinent part:

"(a) *** DVORAK was contributing to the fund the amounts he would have contributed had he remained an active member of the police department; (b) *** he was granted service credit during the period he served as under-sheriff [sic] as he was performing safety and investigative work in the County in which this City is

principally located, and (c) *** as a contributing member of this Fund, he was bound by all of the provisions thereof."

Plaintiff then filed a timely complaint for administrative review in the circuit court.

On August 2, 1995, the trial court found that, as a matter of law, Dvorak was subject to section 5—227 at the time of the acts and convictions involved but that the Board had not made sufficient findings of fact regarding whether the criminal activities for which Dvorak was convicted were, in fact, related to or arose out of or in connection with his service as a policeman and thus fit section 5—227 of the Code. The trial court remanded the matter to the Board for further findings.

The Board reconsidered the matter and on September 28, 1995, published an amended order. Once again, the Board denied plaintiff's petition to reinstate his benefits. The Board concluded, in pertinent part:

"(a) DVORAK, while on an approved leave of absences [*sic*], remained a police officer subject to the department's rules, his oath of office and subject to recall by the department at any time. The leave granted is on a yearly basis and is renewable at the discretion of the department;

(b) DVORAK, like any other officer, remains a Chicago Police Department Officer subject to the department's rules and his oath of office from the time of the appointment until such time as he withdraws from services [*sic*] or is otherwise terminated;

* * *

(e) DVORAK, in the performance of this employment was engaged in security, and investigative work necessary to protect the citizens of the County in the same manner as he obligated [*sic*] to do as a police officer;

* * *

(h) As Under-Sheriff [*sic*] and as a police officer on leave, DVORAK was duty bound by his oath of office to perform acts and engage in services related and connected to protecting the citizens of the City and County;

(i) DVORAK failed to perform those acts related to and connected with his duties as a law enforcement officer when he accepted bribes for the purpose of allowing co-conspirators or others to commit crimes of the very nature which DVORAK was charged to prevent;

(j) DVORAK as a police officer whether on leave of absence or not was required by his oath of office to prevent crimes against the citizens and not to participate in those crime [*sic*] or to engage in activities which tended to conceal those crimes from the law enforcement community;

(k) Recognizing that all acts committed by a police officer which result in felony convictions may not necessarily require a forfeiture of the officer's pension benefits, the Board, however, finds that the taking of bribes, to allow criminal activities to be committed and to conceal those criminal activities from his superiors or other members of the law enforcement community, all constituted activities relating to or arising out of or in connection with DVORAK'S service and responsibilities as a police officer."

After reviewing the Board's amended order, the trial court found that the Board's decision was not contrary to the manifest weight of the evidence and affirmed the amended order.

We affirm.

## ANALYSIS

Plaintiff's sole argument on appeal is that the Board erred in denying him his pension benefits because his felonies were not relating to or arising out of or in connection with his service for the Chicago police department, because he was on a leave of absence and, therefore, not a policeman with the department, as defined by the Pension Code, at the time he committed the felonies. The Board argues that plaintiff continued to be a police officer during his leave of absence because, under the plain language of the statute, a person sworn as a police officer remains a police officer until that officer is either discharged or resigns. We agree.

■ Section 5—109 of the Pension Code defines the term "policeman" as "[a]n employee in the regularly constituted police department of a city appointed and sworn or designated by law as a peace officer with the title of policeman." 40 ILCS 5/5—109 (West 1994).

The term "active policeman" is defined by section 5—112 and is defined as "[a] person employed and receiving salary as a policeman." 40 ILCS 5/5—112 (West 1994).

Furthermore, section 5—116 of the Code defines the term "withdrawal" as "[t]he discharge or resignation of a policeman." 40 ILCS 5/5—116 (West 1994).

■ Plaintiff argues that the felony provision does not apply to inactive police officers because such an interpretation would render portions of the felony provision superfluous. Specifically, plaintiff points to the second paragraph of the felony provision. In 1969, the Illinois legislature amended the felony provision to specifically preclude pension benefits for "any person who is convicted of any felony while in receipt of disability benefits." 40 ILCS 5/5—227 (West 1994). Plaintiff argues that, before the amendment, the felony provision did not apply to any inactive policeman who had not been

terminated or resigned and that the amendment was the first time the provision would apply to a category of inactive policemen. Plaintiff further contends that the legislature's failure to add similar language for all other categories of inactive policemen means that the term "policeman" in the first sentence of the felony provision applies only to policemen on active duty and not inactive policemen like the plaintiff.

Plaintiff's argument is wholly unsound. There is no indication that the legislature based its amendment on an active/inactive dichotomy rather than on a concern for or as a response to public policy issues regarding those who commit felonies while receiving disability benefits.

We also note that plaintiff chose to continue to contribute to his pension fund at the police department while working as an undersheriff. The effect of plaintiff's argument is to create a special classification of inactive police officers who would receive the benefits of the Pension Code, as plaintiff did in the instant case, by being allowed to contribute to their pension while on leave, without being bound by the obligations of the Code. See *Freberg v. Board of Trustees of the Firemen's Pension Fund*, 128 Ill. App. 2d 369, 262 N.E.2d 22 (1970). We do not interpret this result to be the legislature's intent.

In addition, plaintiff relies on *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 649 N.E.2d 454 (1995), to support his argument that his felonies do not relate to his service as a policeman for the City of Chicago because the felonies were committed while he was employed by the Cook County sheriff's office.

In *Cullen*, a Chicago police officer retired and began to receive his retirement annuity from the Board. 271 Ill. App. 3d at 1106. Thereafter, he was found guilty of first-degree murder for the shooting of Don Starzynski. 271 Ill. App. 3d at 1106-07. The incident occurred in Chicago during a traffic altercation with the plaintiff and three other individuals. At no point during the altercation did plaintiff, who was dressed in street clothes, identify himself as a police officer or place any of the individuals under arrest. 271 Ill. App. 3d at 1107. Furthermore, the pistol plaintiff used to kill Starzynski was not plaintiff's official service revolver. 271 Ill. App. 3d at 1107.

Thereafter the Board learned of plaintiff's murder conviction and terminated his pension benefits, citing section 5—227 of the Pension Code. *Cullen*, 271 Ill. App. 3d at 1107. The trial court affirmed the Board's decision. The appellate court reversed the decision of the trial court and held that there was no evidence demonstrating that the plaintiff's criminal actions were in any way related to or arose

out of or in connection with his service as a Chicago police officer. 271 Ill. App. 3d at 1109. Specifically, the court noted that, under the first paragraph of section 5—227, a police officer's pension benefits will be terminated if the officer commits "any felony *relating to or arising out of or in connection with his service as a policeman.*" (Emphasis added.) 271 Ill. App. 3d at 1109. The court then garnered legislative intent from a review of the "entire statutory plan." 271 Ill. App. 3d at 1109. The court noted that the second paragraph of section 5—227 provides that "no benefits *** shall be paid to any person who is convicted of any felony while in receipt of disability benefits" (40 ILCS 5/5—227 (West 1994)), and it does not require circumstances relating to, arising out of or in connection with police service attendant to a felony conviction in order to disqualify an officer from receiving disability benefits. 271 Ill. App. 3d at 1109. Rather, the court stated, all that is required under the second paragraph of the Act is the commission of "any felony" (40 ILCS 5/5—227 (West 1994)). *Cullen*, 271 Ill. App. 3d at 1109. The court concluded that if the legislature had wanted the first paragraph of section 5—227 to require only the commission of "any felony," it could have used the same or similar language to that which it used in the second paragraph. 271 Ill. App. 3d 1105, 649 N.E.2d 454. Accordingly, the appellate court concluded that the Board was required to demonstrate that the police officer had committed a felony relating to or arising out of or in connection with his service as a policeman, but it had not done so. 271 Ill. App. 3d 1105, 649 N.E.2d 454.

*Cullen* is inapposite to the instant case. In *Cullen*, the issue was whether a police officer's off-duty conduct was sufficiently related to his service as a policeman. In the instant case, however, plaintiff has argued to this court that the issue is whether any inactive policeman is within the purview of the Act. In fact, at oral argument plaintiff argued that an inactive officer is never subject to the Act. We disagree and believe the issue is much narrower.

In light of the relevant statutory provisions, it is our view that plaintiff, *ipso facto*, was still a police officer during his leave of absence, albeit an inactive police officer, within the general definition set forth in section 5—109 and was subject to section 5—227 of the Code because he had not resigned or withdrawn from the department and because of the circumstances regarding his service as an undersheriff and his felonious conduct during that service. Specifically, plaintiff was only allowed to serve as undersheriff because the Board felt that the nature of that position was sufficiently related to his work as a police officer under section 5—224 of the Code. Furthermore, the specific nature of plaintiff's felonious conduct and resulting

convictions undermined the oath of office plaintiff took as a policeman to perform acts and engage in services related to protecting the citizens of the city and county and to prevent crimes against the citizens. These facts are particularly persuasive in finding that plaintiff remained within the purview of the Code even as an inactive police officer.

Accordingly, since plaintiff was still a police officer during his leave of absence, we hold that the trial court was correct in affirming the Board's decision that plaintiff's felony convictions necessitated the termination of his pension benefits under section 5—227 of the Code.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

CAHILL, J., concurs.

JUSTICE GORDON, dissenting:

I must respectfully disagree with the conclusion of the majority. I believe that the reasoning of the majority does not lend sufficient credence to the explicit language of the controlling statutory provisions.

The statutory provisions that are dispositive of the issues raised in this appeal are sections 5—227 and 5—109 of the Pension Code (40 ILCS 5/5—227, 5—109 (West 1992)).

As recited by the majority, section 5—227 provides, in pertinent part:

> "Felony conviction. None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman.
>
> None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony while in receipt of disability benefits." 40 ILCS 5/5—227 (West 1992).

Section 5—109(a) in pertinent part defines the term "policeman" as:

> "[a]n employee in the regularly constituted police department of a city appointed and sworn or designated by law as a peace officer with the title of policeman ***." 40 ILCS 5/5—109(a) (West 1992).

Under the first paragraph of section 5—227, a felony conviction will cause a forfeiture of a police pension only where the conviction relates to, arises out of or is connected with the claimant's services as a *policeman.* Under section 5—109, the term "policeman" is defined

as an employee in "the regularly constituted police department of a city." 40 ILCS 5/5—109(a) (West 1992).

No one here has ventured to allege that plaintiff's employment as undersheriff of Cook County constituted "employment in a regularly constituted police department of a city" so as to satisfy that definition. Consequently, plaintiff could not have been performing any services as a policeman under the Act's definition when he was serving as undersheriff of Cook County, which paid his salary while he was on leave of absence from the police department of the city. Those services that plaintiff was performing as undersheriff, no matter how analogous they might have been to that of a policeman, could not in fact have been those of a "policeman" as that term is defined by the Pension Code. Accordingly, the felony committed while county undersheriff cannot satisfy the provisions of section 5—227, which requires that the felonies arise from, relate to or be connected with the felon's service as a "policeman."

Under the controlling statutes, plaintiff's felony conviction while employed as undersheriff of Cook County cannot be considered any differently than would have been the case if he were convicted of a felony in connection with employment while on leave of absence from the police department as a security officer for a private entity or as a military policeman. In none of these contexts could he be deemed to have been convicted of a felony relating to, arising from, or connected with his employment as a "policeman" as expressly defined by section 5—109 of the Pension Code, namely, as "an employee in the regularly constituted police department of a city."

The fact that plaintiff was earning credit towards his pension while acting as undersheriff pursuant to section 5—214 may well have made him a suitable candidate for pension forfeiture, had the legislature so provided. But, the gap left by the absence of such legislation, even if as a result of legislative oversight, must be remedied by the legislature itself and not by judicial fiat.

The case of *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 649 N.E.2d 454 (1995), is wholly in point. There a policeman on active duty committed a felony after normal working hours which was held not to have been connected with his services as a policeman. The court correctly concluded that, under the Pension Code, a felony not committed in the context of one's performance of his duties as a policeman cannot serve as a predicate for pension forfeiture, even though the plaintiff in *Cullen* was on active status at the time in question. Here, as in *Cullen*, the plaintiff's conviction resulted from conduct unconnected to his performance of any duties on behalf of the Chicago police department

and, unlike the facts in *Cullen*, while he was under inactive status while on leave of absence from the Chicago police department. Hence, the services in which he was engaged at the time of his felonious conduct, no matter how analogous to those of a policeman, cannot be construed as those of a policeman as defined under section 5—109.

No amount of circumlocution can justify a result that would judicially redraft the applicable legislation in question. I do not question that pension forfeiture for the felonious conduct involved in this case would be most appropriate if the legislature would have so provided. However, no matter how seductive the result, maintaining the separation between the legislative and the judicial function still remains transcendent. See *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 220, 447 N.E.2d 394 (1983), stating:

> "When permissible under the Constitution, statutes should be interpreted and applied in the manner in which they are written. They should not be rewritten by a court to make them consistent with the court's idea of orderliness and public policy. (*In re Griffin* (1982), 92 Ill. 2d 48, 52.) In *People v. Wilcox* (1908), 237 Ill. 421, 428, this court observed: 'It is not for the courts to pass upon what the *** laws ought to be, but to declare what they are.' "