RALPH DiFIORE, Plaintiff-Appellant, v. THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)   No. 1—99—0486

Opinion filed May 12, 2000.

QUINN, J., specially concurring.

Law Offices of Joseph V. Roddy, of Chicago (Joseph V. Roddy, of counsel), for appellant.

David R. Kugler, of Retirement Board of Policemen's Annuity & Benefit Fund, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Following a hearing, defendant, the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (Board), ruled that plaintiff Ralph DiFiore forfeited his pension benefits under the Illinois Pension Code (Code). 40 ILCS 5/5—227 (West 1994). On administrative review, the circuit court upheld the Board's decision. On appeal, plaintiff contends that the Board erred in determining that his pension benefits were forfeited because his aggravated criminal sexual assault conviction was unrelated to his duties as a Chicago police officer and he was not in actual receipt of disability benefits at the time of the conviction. He further contends that the Board's ruling violated protections against double jeopardy. For the following reasons, we reverse and remand.

Plaintiff began work as an officer for the Chicago police depart-

ment (CPD) in 1971. He was placed on ordinary disability in June 1993 and began to receive monthly checks. In December 1993, plaintiff was suspended from the CPD after being indicted for off-duty conduct relating to aggravated criminal sexual assault while a full-time active police officer. The indictment alleged that plaintiff engaged in sexual conduct with a minor, plaintiff's niece, from April 1991 through January 1992.

Plaintiff retired from the CPD in April 1994, and the Board suspended his disability benefits while it determined the effect of plaintiff's suspension and retirement. Plaintiff pleaded guilty to the charge in September 1994. In March 1996, having reached the age of 50, plaintiff applied for pension benefits but the Board denied his request. Plaintiff subsequently filed a petition for administrative review, and the circuit court confirmed the Board's decision.

■ Plaintiff contends that the Board erred in determining that section 5—227 of the Code precludes him from receiving pension benefits. 40 ILCS 5/5—227 (West 1994). This section, entitled "Felony conviction," states in relevant part:

> "None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman.
>
> None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony while in receipt of disability benefits.
>
> None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with the intentional and wrongful death of a police officer, either active or retired, through whom such person would become eligible to receive, or is receiving, an annuity under this Article." 40 ILCS 5/5—227 (West 1994).

The Board denied plaintiff's pension benefits under the second paragraph of section 5—227 but made no express findings regarding this provision. 40 ILCS 5/5—227 (West 1994). The Board also found that plaintiff was entitled to payment of the suspended disability benefits from April to September 1994 and a refund of his contributions, but provided no explanation for this finding.

■ On review, the findings of fact of an administrative agency are *prima facie* true and correct and will not be disturbed unless contrary to the manifest weight of the evidence. *Chicago Transit Authority v. Doherty*, 291 Ill. App. 3d 909, 912, 684 N.E.2d 867, 870 (1997); *Barron v. Ward*, 165 Ill. App. 3d 653, 659, 517 N.E.2d 591, 596 (1987). However, an issue of statutory construction raises a question of law subject to *de novo* review. *Lucas v. Lakin*, 175 Ill. 2d 166, 171, 676

N.E.2d 637, 640 (1997). An agency's interpretation of statutory language and application of undisputed facts to that language is generally given deference, because of the experience and expertise gained through enforcement of the statute involved. *National School Bus Service, Inc. v. Department of Revenue*, 302 Ill. App. 3d 820, 825, 706 N.E.2d 936, 940 (1998). Finally, we review the administrative decision rather than the circuit court's decision. *Calabrese v. Chicago Park District*, 294 Ill. App. 3d 1055, 1065, 691 N.E.2d 850, 857 (1998).

The Board does not argue that the first paragraph of section 5—227 of the Code applies to plaintiff in the instant case. The Board specifically stated it was not making a finding regarding whether plaintiff's felony was "relating to or arising out of or in connection with his service as a policeman." 40 ILCS 5/5—227 (West 1994). The question before us, then, is whether the second paragraph, which denies benefits to a person "convicted of any felony while in receipt of disability benefits," applies to plaintiff. 40 ILCS 5/5—227 (West 1994).

■ Plaintiff initially contends that paragraph two only applies to the forfeiture of disability benefits and not to the forfeiture of annuity benefits, citing *Cullen v. Retirement Board of Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 649 N.E.2d 454 (1995), in support. In *Cullen*, we primarily dealt with the issue of whether an officer's off-duty conduct was sufficiently related to his service as a policeman. While we addressed the distinction between "any felony" as expressed in paragraph two of the statute and a felony related to law enforcement duties as expressed in paragraph one, we were not asked to address the specific statutory construction of paragraph two which plaintiff now seeks to invoke. The plain language of paragraph two provides that "[n]one of the benefits provided for in this Article shall be paid." 40 ILCS 5/5—227 (West 1994). Annuity benefits are clearly among the types of benefits provided for in article 5 of the Code. 40 ILCS 5/5—123 (West 1994). Therefore, they are among the types of benefits that can be forfeited under the conditions of section 5—227.

Plaintiff next contends that the Board erred in denying him pension benefits because, at the time of his conviction, he had retired, his disability benefits were suspended, and he was not receiving disability payments. The Board maintains that plaintiff had a legal right to ongoing ordinary disability benefits after his retirement up until the time of his conviction, citing *Iwanski v. Streamwood Police Pension Board*, 232 Ill. App. 3d 180, 189-90, 596 N.E.2d 691 (1992), *Stec v. Oak Park Police Pension Board*, 204 Ill. App. 3d 556, 561 N.E.2d 1234 (1990), and *Hahn v. Police Pension Fund*, 138 Ill. App. 3d 206, 485 N.E.2d 871 (1985), in support. Consequently, they argue that he was "in receipt of disability benefits" under the statute even though at the

time of conviction his benefits were suspended and he was not receiving actual payments.

◼ We find the Board's premise, that plaintiff was entitled to ordinary disability benefits after his retirement, not well taken. The cases cited by the Board in support of its contention address disability pensions under article 3 of the Code. *Iwanski*, 232 Ill. App. 3d at 185, 596 N.E.2d at 695; *Stec*, 204 Ill. App. 3d at 562-63, 561 N.E.2d at 1237-38; *Hahn*, 138 Ill. App. 3d at 212, 485 N.E.2d at 875. Article 3 deals with the police pension fund for municipalities of 500,000 and under. 40 ILCS 5/3—101 *et seq.* (West 1994). Specifically, section 3—114.2 provides:

> "A police officer who becomes disabled as a result of any cause other than the performance of an act of duty, and who is found to be physically or mentally disabled so as to render necessary his \*\*\* suspension or retirement from police service in the police department, shall be entitled to a disability pension of 50% of the salary attached to the officer's rank on the police force at the date of suspension of duty or retirement." 40 ILCS 5/3—114.2 (West 1994).

Under this section, courts have held that a petitioner who resigns or is discharged as a result of a disability, after having already applied for a disability pension, is not barred from receiving his disability pension after retirement. However, this provision is inapplicable to the present case. Plaintiff's retirement did not necessarily result from his disability. Nor was he seeking a disability *pension*.

Additionally, no such disability pension provision exists under article 5, the article at issue here dealing with the police pension fund for municipalities of 500,000 and over. See 40 ILCS 5/5—101 *et seq.* (West 1994). There is no provision in article 5 that allows plaintiff to receive ordinary disability benefits after he retires. Therefore, because plaintiff's pension rights are addressed by article 5, which does not specifically provide for the continuation of ordinary disability benefits upon retirement, we find the Board's finding to be in error. Plaintiff was not entitled to ordinary disability benefits from April 1994, when he retired, to September 1994, the date of his conviction.

◼ In light of this finding, we now address whether plaintiff falls within the purview of section 5—227. " 'In interpreting a disputed provision a court should first consider the statutory language itself as the best indication of the intent of the drafters. [Citation.] Terms that are unambiguous, when not specifically defined, must be given their plain and ordinary meaning.' " *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 1108-09, 649 N.E.2d 454, 456 (1995), quoting *People ex rel. Village of McCook v. Indiana Harbor Belt R.R. Co.*, 256 Ill. App. 3d 27, 29, 628 N.E.2d 297,

299 (1993). A statute must be applied so that no part is rendered superfluous. *Cullen*, 271 Ill. App. 3d at 1109, 649 N.E.2d at 456, citing *Kozak v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 95 Ill. 2d 211, 216, 447 N.E.2d 394, 397 (1983). When interpreting a statute, courts must give the language used a broad rather than narrow interpretation. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 111, 610 N.E.2d 1250, 1253 (1993). Courts must also consider the reason and necessity for the law, the evils sought to be remedied and the purpose to be achieved. *People v. Frieberg*, 147 Ill. 2d 326, 345, 589 N.E.2d 508, 517 (1992).

■ On its face, the statutory language unambiguously provides that pension benefits will be forfeited if the plaintiff is in receipt of disability benefits at the time of his felony conviction. Based upon the undisputed facts in the record, at the time of his conviction, plaintiff was retired, his ordinary disability benefits had been suspended by the Board, and he no longer had a right to receive those benefits. Accordingly, because plaintiff was not receiving, nor was he eligible to receive, disability benefits at the time of his conviction, he does not fall within the purview of the statute and is entitled to his pension.

We reject the Board's assertion that to allow plaintiff his pension would defeat the intent of section 5—227. The underlying rationale for the pension forfeiture statutes is to deter public officials from committing a breach of the public trust such that public officials and their beneficiaries do not profit from their wrongdoing. In *Kerner v. State Employees' Retirement System*, 72 Ill. 2d 507, 513, 382 N.E.2d 243, 246 (1978), our supreme court held that the underlying purpose of the felony forfeiture provision is "to discourage official malfeasance by denying the public servant convicted of unfaithfulness to his trust the retirement benefits to which he otherwise would have been entitled." The statute presupposes a nexus between the wrongful conduct and the receipt of state compensation or benefits. Here, plaintiff was not receiving disability benefits at the time he committed the felony or at the time of his conviction, and the felony was not related to his law enforcement duties. Thus, denying plaintiff his benefits does not further the intent of the legislature because the nexus between the wrongful conduct and the receipt of state benefits was not implicated here.

Accordingly, the judgment of the circuit court is reversed and the cause remanded to the Board with instructions to reinstate plaintiff's pension benefits.

Reversed and remanded.

GREIMAN, J., concurs.

JUSTICE QUINN, specially concurring:

I concur that, under the plain language of section 5—227, plaintiff's pension benefits must be reinstated. This is because plaintiff was not "in receipt of disability benefits" at the time of his conviction. However, I do not believe that recipients of disability benefits are subject to forfeiture of their right to pension benefits only if they are convicted of a felony relating to their law enforcement duties. The majority's analysis of this issue relies on the holding in *Kerner v. State Employees' Retirement System*, 72 Ill. 2d 507, 382 N.E.2d 243 (1978). Governor Kerner was convicted of felonies which came within the ambit of section 14—199 of the Illinois Pension Code. This section provided "None of the benefits herein provided for shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as an employee." Ill. Rev. Stat. 1975, ch. 108½, par. 14—199.

In the instant case, plaintiff's pension benefits were terminated under the second sentence of section 5—227: "None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony while in receipt of disability benefits." 40 ILCS 5/5—227 (West 1994). This language does not require that the felony conviction be for an offense "relating to or arising out of or in connection with" the recipient's service as a policeman. Therefore, we should not read into the language of the second sentence of 5—227 any such limiting language. *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 220, 447 N.E.2d 394 (1983).

I agree with this court's interpretation of the second sentence of section 5—227 as enunciated in *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 1109, 649 N.E.2d 454 (1995). There, we interpreted the sentence as not requiring circumstances relating to, arising out of or in connection with police service attendant to a felony conviction in order to disqualify an officer from receiving disability benefits. However, I also believe that the second sentence of section 5—227 provides for the termination of *pension* benefits, not merely disability benefits.

I believe this interpretation is supported by the fact that section 6—221 of the Illinois Pension Code, relating to the Firemen's Annuity Fund, provides for the termination of pension benefits only upon conviction of a felony "relating to or arising out of or in connection with his service as a fireman." 40 ILCS 5/6—221 (West 1994). The fact

that the General Assembly employed a different standard for denying pension benefits to firemen than for policemen raises the inference that the legislature intended to treat the recipients differently. *Davis v. Retirement Board of Policemen's Annuity Fund*, 30 Ill. App. 3d 318, 332 N.E.2d 446 (1975).

Plaintiff decries interpreting the second sentence of section 5—227 as permitting the termination of pension rights of recipients of disability benefits for all felony convictions, whether related to that recipient's duties as a police officer or not. Similarly, the Board asserts that any interpretation of section 5—227 which results in the reinstatement of plaintiff's pension rights is contrary to the intent of the legislature. I agree with the majority that the language of section 5—227 is clear. The concerns of the parties as to how this decision will affect other recipients of disability benefits are best addressed by the legislature.