2015 IL App (1st) 132182
No. 1-13-2182
Opinion Filed  May 22, 2015

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| NAIL MAJID, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 12 CH 32548 |
| | ) | |
| THE RETIREMENT BOARD OF THE | ) | |
| POLICEMEN'S ANNUITY AND BENEFIT | ) | |
| FUND OF THE CITY OF CHICAGO, | ) | Honorable |
| JAMES P. MOLONEY, JOHN J. | ) | Peter Flynn, |
| GALLAGHER, JR., and KATHLEEN M. | ) | Judge Presiding. |
| HYLTON, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE HALL delivered the judgment of the court, with opinion.

Justices Lampkin and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1  The plaintiff, Nail Majid, appeals from an order of the circuit court of Cook County affirming the decision of the defendant, the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (the Board), terminating the plaintiff's disability benefit. On appeal, the plaintiff contends that: (1) the Board erred when it failed to consider whether the plaintiff's felony conviction arose out of or in connection with his service as a police officer; (2) the hearing in which his disability benefit was terminated violated his right to procedural due process under the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV), and article I, section 2, of the 1970 Illinois Constitution (Ill. Const. 1970, art. I, § 2); and (3) section 5-227 of the Illinois Pension Code (the Code) (40 ILCS 5/5—227 (West 2010)) violated his right to equal protection under the fourteenth amendment to the United States Constitution and article I, section 2, of the 1970 Illinois Constitution.

¶ 2  The facts in this case are undisputed. The plaintiff served as a Chicago police officer from November 1999 until 2003 when he was injured and was awarded a line-of-duty disability benefit. Subsequently, the plaintiff relocated to Ohio. In 2010, he was indicted and charged with two counts of impersonating an agent of the Drug Enforcement Agency (18 U.S.C. § 912 (2006)) and one count of possession of an unregistered firearm (26 U.S.C. § 5861(d) (2006)); both offenses were felonies under federal law. Pursuant to a plea agreement, the plaintiff pleaded guilty to possession of an unregistered firearm. Although the offense carried a sentence of 18 to 24 months' imprisonment, the district court sentenced the plaintiff to 3 years' probation.

¶ 3  Upon learning of the plaintiff's felony conviction, the Board suspended his disability benefit pending a hearing. See 40 ILCS 5/5-227 (West 2010) (providing for the termination

of disability benefits to a police officer who commits any felony while receiving disability benefits). At the June 28, 2012, hearing before the Board on his application to lift the suspension, the plaintiff testified that while he was receiving a duty disability benefit, he was convicted of a felony in Ohio.

¶ 4     At the plaintiff's request, the Board agreed to allow the following documents to be made part of the record: a copy of the plaintiff's federal indictment, transcripts of the guilty plea proceedings, documentation from the plaintiff regarding family information, correspondence from the district court judge explaining that the felony conviction was for a status offense, a petition, signed by over 1000 officers, in support of the plaintiff retaining his pension, and numerous e-mails from individuals in support of leniency for the plaintiff.

¶ 5     Before the Board, the plaintiff argued that, in addition to invoking sympathy for him, the documentation demonstrated that section 5-227 was unconstitutional because of the disparity in treatment between a police officer on disability who loses his benefits when he is convicted of any felony, and a retired police officer who loses his benefits when he is convicted of any felony "relating to or arising out of or in connection with his service as a policeman." 40 ILCS 5/5-227 (West 2010). The plaintiff further argued that while he was "technically" convicted of a felony under the federal classification, the possession of an unregistered weapon charge should not be considered a "felony" for purposes of section 5-227. Finally, the plaintiff argued that section 5-227 was ambiguous.

¶ 6     The Board pointed out that it was unable to address the plaintiff's constitutional issue or whether a "technical" felony was a felony for purposes of section 5-227. It rejected the plaintiff's argument that section 5-227 was ambiguous. The Board determined that there were only two issues to be decided: whether the plaintiff was convicted of a felony and

whether he was receiving a disability benefit at the time he was indicted and convicted of the felony. The Board found that it was undisputed that the plaintiff had been convicted of a felony while receiving disability benefits.

¶ 7    On July 24, 2012, the Board issued its written order denying the plaintiff's application for the reinstatement of his duty disability benefit. Thereafter, the plaintiff filed his complaint for administrative review. Following a hearing, the circuit court affirmed the decision of the Board denying reinstatement of the plaintiff's disability benefit.

¶ 8    The plaintiff appeals.

¶ 9                                        ANALYSIS

¶ 10              I. Denial of Disability Benefit Based on Conviction of a Felony

¶ 11    The plaintiff contends that in denying his application for reinstatement of his disability benefit, the Board failed to consider the provisions of section 5-227 as a whole and ignored the legislative intent that the felony conviction must have a nexus with his service as a police officer before disability benefits can be terminated.

¶ 12                                  A. Standard of Review

¶ 13    On an appeal from the circuit court's ruling on a complaint for administrative review, the court reviews the decision of the administrative agency, not the determination of the circuit court. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006). The applicable standard of review determines the amount of deference we afford to the agency's decision and depends on the issue raised. *Marconi*, 225 Ill. 2d at 532. In this case, where the salient facts are undisputed and the resolution of the issue before us turns on the construction of a statute, which is a question of law, our review is *de novo*. *Kaczka v.*

*Retirement Board of the Policemen's Annuity & Benefit Fund*, 398 Ill. App. 3d 702, 705 (2010).

¶ 14                                    B. Discussion

¶ 15        Section 5-227 of the Code provide as follows:

>    "Felony conviction.  None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman.
>
>    None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony while in receipt of disability benefits.
>
>    None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with the intentional and wrongful death of a police officer, either active or retired, through whom such person would become eligible to receive, or is receiving, an annuity under this Article.
>
>    This Section shall not operate to impair any contract or vested right heretofore acquired under any law or laws continued in this Article, nor to preclude the right to a refund.
>
>    All future entrants entering service subsequent to July 11, 1955, shall be deemed to have consented to the provisions of this Section as a condition of coverage."  40 ILCS 5/5-227 (West 2010).

¶ 16        In constructing a disputed statutory provision, the court first looks at the statutory language, which is the best indication of the intent of the drafters.  *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 1108-09 (1995).

Unless specifically defined, unambiguous terms are given their plain and ordinary meaning. *Cullen*, 271 Ill. App. 3d at 1108-09. The statute must be applied so that no part is rendered superfluous. *DiFiore v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 313 Ill. App. 3d 546, 551 (2000). The court must give the language of the statute a broad rather than a narrow interpretation. *DiFiore*, 313 Ill. App. 3d at 551. "Courts must also consider the reason and necessity for the law, the evils sought to be remedied and the purpose to be achieved." *DiFiore*, 313 Ill. App. 3d at 551.

¶ 17    In *DiFiore*, this court recognized that the "underlying rationale for the pension forfeiture statutes is to deter public officials from committing a breach of the public trust such that public officials and their beneficiaries do not profit from their wrongdoing." *DiFiore*, 313 Ill. App. 3d at 551; see *Kerner v. State Employees' Retirement System*, 72 Ill. 2d 507, 513 (1978) (the purpose in denying retirement benefits was to discourage official malfeasance). We then held that "[t]he statute presupposes a nexus between the wrongful conduct and the receipt of state compensation or benefits." *DiFiore*, 313 Ill. App. 3d at 551; accord *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 199 Ill. 2d 414, 419 (2002).

¶ 18    Relying on the legislative intent of section 5-227, as expressed in *Devoney*, *Kerner*, and *DiFiore*, the plaintiff maintains that the proper interpretation of the second paragraph of section 5-227 requires a nexus between the felony committed by an officer receiving disability benefits and his service as a police officer before his benefits can be terminated. We disagree. The plaintiff's interpretation of the second paragraph of section 5-227 is at odds with this court's opinion in *Cullen*.

¶ 19    In *Cullen*, the reviewing court reversed the retirement board's decision terminating the annuity payments to a retired police officer upon his murder conviction. The court found that

the first paragraph of section 5-227 clearly contemplated that situations might arise in which a police officer committed a felony unrelated to his service as a police officer. Significant to the present case, the court then stated as follows:

"Moreover, legislative intent must be garnered from a review of the entire statutory plan. [Citation.] The second paragraph of section 5-227 provides that no 'benefits *** shall be paid to any person who is convicted of any felony while in receipt of disability benefits.' [Citation.] Here, the General Assembly did not require circumstances relating to, arising out of or in connection with police service attendant to a felony conviction in order to disqualify an officer from receiving disability benefits. Rather, all that is required is the commission of 'any felony.' Surely, if the legislature had wanted the first paragraph of section 5-227 to read in the way the Board wishes us to interpret it, it could have used the same language or similar language to that which it used in the second paragraph. Moreover, if the General Assembly did not wish to employ a different standard for denying disability benefits from that of pension benefits, why did it not simply write one paragraph denying all benefits for any felony conviction instead of writing two separate paragraphs that draw distinctions?" *Cullen*, 271 Ill. App. 3d at 1109.

¶ 20    Moreover, under the plaintiff's interpretation, the second paragraph of section 5-227 would be rendered superfluous. If the legislature intended that a nexus between the felony committed by a police officer while receiving disability benefits and his service as a police officer must exist before benefits could be terminated, there would be no need for the second paragraph of section 5-227. See *Cullen*, 271 Ill. App. 3d at 1109.

¶ 21    The cases relied on by the plaintiff do not support his argument in that different issues are addressed or the cases are distinguishable on their facts. In *Dvorak v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 287 Ill. App. 3d 399 (1997),[1] a majority of this court upheld the termination of pension benefits to a police officer based on his felony convictions relating to his employment as an undersheriff while on leave from the Chicago police department. The majority rejected the officer's argument that the first paragraph of section 5-227 did not apply to inactive police officers. The majority noted that the officer continued to pay into the police pension fund while employed as an undersheriff and concluded that he remained a police officer while otherwise employed. *Dvorak*, 287 Ill. App. 3d at 405-06. The majority rejected the officer's reliance on *Cullen*, finding that case addressed the issue of a nexus between the felony and the officer's service, whereas in the case before it, the issue was whether any inactive police officer was within the purview of the Code. *Dvorak*, 287 Ill. App. 3d at 405. In its analysis, the court in *Dvorak* did not consider the second paragraph of section 5-227, and the issue raised in the present case was not before the court in *Dvorak*.

¶ 22    In *Devoney*, the supreme court affirmed the retirement board's decision terminating the pension of a police officer, who resigned following his indictment, after his federal conviction for mail fraud. The court found that the officer had used his position in the police department to assist his friend and codefendant, thus providing the nexus between his service as a police officer and his felony conviction. *Devoney*, 199 Ill. 2d at 423-24.

---

[1] Justice Gordon dissented on the grounds that the plaintiff's employment as an undersheriff did not constitute " 'employment in a regularly constituted police department of a city' " to satisfy the definition of a police officer under the Code (40 ILCS 5/5-109(a) (West 1992)). *Dvorak*, 287 Ill. App. 3d at 407 (Gordon, J. dissenting). While Justice Gordon quoted the second paragraph of section 5-227, it was not part of his analysis.

¶ 23    The *Devoney* court's analysis of whether a police officer's commission of a felony constituted a breach of his duty to report crime and arrest offenders is instructive. The court rejected that concept because it would mean that every felony committed by a police officer would render him ineligible for a pension, regardless of the nature of the offense or the circumstances under which it was committed. The court stated further as follows:

> "Such an interpretation of the law would yield a standard indistinguishable from the one applicable where the officer committed a felony while receiving disability benefits. The requirement that the felony be one which is 'relat[ed] to or [arose] out of or in connection with his service as a policeman' would have no independent effect. For all practical purposes, it would be read out of the statute." *Devoney*, 199 Ill. 2d at 420.

¶ 24    The supreme court's analysis in *Devoney* is in keeping with the construction maxim that the legislature's intent is best ascertained from the language used in the statute. A court should not read language into a statute that does not exist. *Lohr v. Havens*, 377 Ill. App. 3d 233, 236 (2007). The court in *Devoney* refused to "read out" of the first paragraph of section 5-227 the nexus requirement to conform it to the second paragraph. Likewise, in the present case, this court will not "read in" the nexus requirement that would render the second paragraph of section 5-227 superfluous.

¶ 25    In *DiFiore*, this court determined that a police officer, whose disability benefit was suspended upon his indictment for a non-service-related felony, was entitled to his pension benefit after he retired and reached the age where he could collect his pension. We rejected the retirement board's argument that allowing the officer to retain his pension would defeat the purpose of section 5-227. Denying the officer his pension where there was no nexus

9

between his felony conviction and service as a police officer would not further the intent of the legislature. *DiFiore*, 313 Ill. App. 3d at 551. The unambiguous language of the second paragraph of section 5-227 required that the officer receive disability benefits at the time of his felony conviction before his benefits could be forfeited. *DiFiore*, 313 Ill. App. 3d at 551; see 40 ILCS 5/5-155 (West 2010) (ordinary disability benefits cease upon an officer's retirement). Since the officer was not entitled to or receiving disability benefits at the time of his felony conviction and there was no nexus between his felony conviction and his receipt of state benefits, the officer was entitled to his pension. *DiFiore*, 313 Ill. App. 3d at 551.

¶ 26     The plaintiff relies on our statement in *DiFiore* that "[t]he statute presupposes a nexus between the wrongful conduct and the receipt of state compensation or benefits" (*DiFiore*, 313 Ill. App. 3d at 551) and reasons that our reference to the "statute" included the second paragraph of section 5-227. However, our analysis in *DiFiore* of the second paragraph of section 5-227 was limited to determining whether the officer was on disability or had a right to receive disability at the time of his felony conviction. Nowhere in our analysis did we state or imply that the nexus requirement applied to a forfeiture of benefits under the second paragraph of section 5-227.

¶ 27     While not binding, we find Justice Quinn's special concurrence in *DiFiore* provides additional support for a determination that a forfeiture of benefits under the second paragraph of section 5-227 does not require a nexus between the felony conviction and the police officer's service. *DiFiore*, 313 Ill. App. 3d at 552-53 (Quinn, J., specially concurring); *People v. Holt*, 372 Ill. App. 3d 650, 653 (2007) (special concurrences while persuasive are not binding authority). Justice Quinn noted that the plain language of the second paragraph did not require a nexus between the felony and the officer's service as a policeman, and that

the court "should not read into the language of the second [paragraph] of [section] 5-227 any such limiting language." *DiFiore*, 313 Ill. App. 3d at 552 (Quinn, J., specially concurring). Justice Quinn also confirmed our reliance on the decision in *Cullen*, where this court "interpreted the [second paragraph] as not requiring circumstances relating to, arising out of or in connection with police service attendant to a felony conviction in order to disqualify an officer from receiving disability benefits." *DiFiore*, 313 Ill. App. 3d at 552. Justice Quinn concluded that any concerns with the second paragraph of section 5-227 were best addressed by the legislature. *DiFiore*, 313 Ill. App. 3d at 553.

¶ 28 We conclude that under the unambiguous language of the second paragraph of section 5-227, a police officer who is convicted of any felony while receiving disability benefits forfeits his benefits under the Code, regardless of whether the felony was related to his service as a police officer. Therefore, the Board's denial of the plaintiff's application for the reinstatement of his disability benefit was proper.

¶ 29                              II. Denial of Due Process

¶ 30 The plaintiff contends that the hearing at which his disability benefit was terminated violated his right to procedural due process under the United States Constitution and the Illinois Constitution.[2]

¶ 31                              A. Standard of Review

¶ 32 A claim that a party was denied due process of law presents a question of law to which the court applies the *de novo* standard of review. *Wolin v. Department of Financial &*

---

[2] The plaintiff notes correctly that the Illinois Constitution provides broader rights of due process than the United States Constitution. *Van Harken v. City of Chicago*, 305 Ill. App. 3d 972, 982 (1999). We will apply Illinois case law dealing with due process claim in this case.

*Professional Regulation*, 2012 IL App (1st) 112113, ¶ 25; *Sudzus v. Department of Employment Security*, 393 Ill. App. 3d 814, 824 (2009).

¶ 33                                B. Discussion

¶ 34        " '[A]n administrative proceeding is governed by the fundamental principles and requirements of due process of law.  However, due process is a flexible concept that requires only such procedural protections as fundamental principles of justice and the particular situation demand.' "  *Wolin*, 2012 IL App (1st) 112113, ¶ 25 (quoting *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 92 (1992)).  In the context of an administrative hearing, due process does not require a proceeding in the nature of a judicial proceeding.  *Abrahamson*, 153 Ill. 2d at 92.  " 'An administrative hearing comports with due process where the parties are given the opportunity to be heard, the right to cross-examine adverse witnesses, and impartiality in ruling upon evidence.' "  *Wolin*, 2012 IL App (1st) 112113, ¶ 25 (quoting *Gonzalez v. Pollution Control Board*, 2011 IL App (1st) 093021, ¶ 42).  To succeed on a claim of a due process violation, there must be a showing of prejudice in the proceeding.  *Sudzus*, 393 Ill. App. 3d at 825.

¶ 35        The plaintiff claims that he did not receive a "meaningful" hearing in this case.  He points out that the circuit court referred  to the hearing as "a sort of rubber stamp process," and the Board's attorney's statement that the hearing was short because only the plaintiff's felony conviction while on disability needed to be shown.  Those remarks did not show that the plaintiff did not receive a hearing in compliance with due process.  The plaintiff himself testified that he was convicted of a felony while he was receiving a disability benefit.  Those were the only two elements required for the termination of his disability benefit.  See 40 ILCS 5/5-227 (West 2010).

¶ 36    The plaintiff maintains that the fact he did not have the opportunity to argue that his felony conviction was not related to his service as a police officer denied him due process. However, as we concluded above, under the second paragraph of section 5-227 a nexus between the felony conviction and the officer's service is not required when the officer is receiving disability benefits. The failure to afford the plaintiff an opportunity to address the nexus issue at the hearing did not prejudice him.

¶ 37    The plaintiff then argues that his due process rights were violated when his wife was not called as a witness, and the Board refused to allow a representative from "CARR"[3] to speak on behalf of the plaintiff. At the beginning of the hearing, the plaintiff's attorney informed the Board that the plaintiff and his wife would testify. However, the wife was never called to testify by the plaintiff, and there is nothing in the record indicating that the Board refused to allow the plaintiff to call his wife to testify. In any event, the failure of his wife to testify did not prejudice the plaintiff since his own testimony established the basis of the forfeiture of his disability benefit. As to the unidentified female speaker from "CARR," the plaintiff had not listed her as a witness, and she came forward after the Board had voted on the plaintiff's case. Moreover, the speaker did not wish to testify but to present further argument on the meaning of the term "felony," an issue that the Board had already determined should be addressed by the circuit court.

¶ 38    The plaintiff points out that the Board failed to consider his claims of bias in that he had sought and received advice on whether he should plead guilty to the charges in Ohio from a member of the Board prior to the hearing. The plaintiff did not raise a claim of bias until after the hearing was over, and the Board voted to terminate the plaintiff's disability benefit.

---

[3] Neither the identity of the representative nor what the acronym "CARR" stands for appears in the record on appeal.

In any event, the plaintiff cannot establish prejudice by claiming bias, since the termination of his disability benefit was based on the admissions in his own testimony.

¶ 39     The plaintiff next maintains that he was denied due process when the Board terminated the hearing without considering the plaintiff's submission of additional memoranda in support of his constitutional arguments. Agencies have broad discretion in conducting administrative hearings, as long as the basic due process rights of fairness and impartiality are observed when a property right is at stake. *Wilson v. Department of Professional Regulation*, 344 Ill. App. 3d 897, 907 (2003). An agency's denial of a request to reopen a hearing is reviewed for an abuse of discretion. *Wilson*, 344 Ill. App. 3d at 909. " '[A]n administrative agency lacks the authority to declare a statute unconstitutional, or even to question its validity.' " *Shachter v. City of Chicago*, 2011 IL App (1st) 103582, ¶ 88 (quoting *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 214 (2008)). Nonetheless, a constitutional argument is properly presented at an administrative hearing because the circuit court's review is confined to the record before the hearing board. *Shachter*, 2011 IL App (1st) 103582, ¶ 88; *Cinkus*, 228 Ill. 2d at 214.

¶ 40     The Board's termination of the hearing did not prevent the plaintiff from preserving his constitutional arguments for the circuit court to review. Contrary to the plaintiff's contention, the record reflects that the Board permitted the plaintiff to include in the record all of the documentary evidence he submitted in support of his constitutional claims. There is no evidence that the Board terminated the hearing to prevent the plaintiff from preserving his constitutional issues relating to the second paragraph of section 5-227.

¶ 41     The plaintiff's argument that he did not receive a meaningful hearing is not supported by the record. We conclude that the plaintiff was not denied procedural due process.

¶ 42                                    III. Equal Protection

¶ 43          The plaintiff contends that the second paragraph of section 5-227 violates equal

protection under both the United States Constitution and the Illinois Constitution because it

affords different treatment to two groups of similarly situated policemen.

¶ 44                                    A. Standard of Review

¶ 45          A constitutional challenge to a statute on equal protection grounds presents a question of

law to which we apply the *de novo* standard of review.  *People v. Masterson*, 2011 IL

110072, ¶ 23.  There is a strong presumption that a statute is constitutional, and wherever

reasonably possible, the court will uphold the statute's constitutionality.  *Masterson*, 2011 IL

110072, ¶ 23. The party challenging the constitutionality of the statute has the burden of

proving its invalidity.  *Masterson*, 2011 IL 110072, ¶ 23.

¶ 46                                    B. Discussion

¶ 47          Our analysis of a denial of equal protection claim is the same under both the United

States Constitution and the Illinois Constitution.  *Jacobson v. Department of Public Aid*, 171

Ill. 2d 314, 322 (1996).  Equal protection requires that the government treat similarly situated

individuals in a similar manner.  *Jacobson*, 171 Ill. 2d at 322.  While the state is not

precluded from enacting legislation that draws distinctions between different categories of

people, the state may not accord different treatment to persons who have been placed by the

statute into different classes on the basis of criteria wholly unrelated to the purpose of the

legislation.  *Jacobson*, 171 Ill. 2d at 322.

¶ 48          The deferential rational basis test applies to a statutory classification that does not affect

fundamental rights or create a suspect classification.  *Trettenero v. Police Pension Fund*, 333

Ill. App. 3d 792, 800 (2002).  Under that test, the inquiry is whether the statutory

classification is rationally related to a legitimate government interest. *Trettenero*, 333 Ill. App. 3d at 800. "If a court can reasonably conceive of circumstances that justify distinguishing the class benefitted by the statute from the class outside its scope, the classification is constitutional." *Trettenero*, 333 Ill. App. 3d at 800.

¶ 49 An equal protection claim requires a showing that the individual raising it is similarly situated to the comparison group. *Masterson*, 2011 IL 110072, ¶ 25. Absent that showing, an equal protection challenge fails. *Masterson*, 2011 IL 110072, ¶ 25. A determination that individuals are similarly situated typically requires an analysis of the purpose of the legislation at issue. *Masterson*, 2011 IL 110072, ¶ 25.

¶ 50 Section 5-227 creates three classes of police officers who are denied benefits based on a felony conviction. The first class consists of officers who are convicted of any felony having a nexus to their police service. The second class consists of officers who are receiving disability when they are convicted of any felony, regardless of whether the felony is connected to their police service. The third class consists of officers who are convicted of any felony resulting in the intentional and wrongful death of a police officer where there is a nexus between the felony and the death of the officer. 40 ILCS 5/5-227 (West 2010).

¶ 51 The plaintiff argues that there is no rational basis for denying benefits to officers on disability when they are convicted of any felony while denying benefits to retired police officers only if there is a nexus between the felony and their service as police officers. We disagree.

¶ 52 There is no denial of equal protection because a police officer who is receiving a disability benefit is not similarly situated to a retired police officer. Police officers on disability are not retired; they are on a leave of absence from police service due to their

disability. In the case of retired police officers, requiring a nexus between the felony and police service furthers the purpose of the statute. The denial of benefits to a retired officer who commits a felony unrelated to his service as a police officer does not further the purpose of the statute, since he is no longer a police officer and deterrence is no longer an issue.

¶ 53 The legislature is given great flexibility in addressing the needs of the state; classifications are the consequences from the exercise of that flexibility. *Cutinello v. Whitley*, 161 Ill. 2d 409, 421 (1994). "[A]t root the inquiry is not whether State action results in unequal treatment but whether such inequality has a reasonable basis in fact or a rational relationship to a State purpose." *Aldridge v. Boys*, 98 Ill. App. 3d 803, 809 (1981).

¶ 54 The legislature could reasonably determine that an officer who commits any felony while receiving disability benefits should be treated differently than a retired officer. Unlike the retired officer, a police officer on disability remains a police officer but one who is already receiving benefits though not yet retired. The legislature could legitimately be concerned with the need to deter officers receiving disability benefits from engaging in any type of serious criminal behavior.

¶ 55 The supreme court's decision in *Jacobson* does not require a different result. In that case, the court determined that it was a denial of equal protection to require the parents of 18-20 year olds, who resided with them while receiving public aid, to reimburse the Department of Public Aid while no reimbursement was required when the children lived elsewhere. The court noted that the purpose of the Illinois Public Aid Code (305 ILCS 5/1-1 (West 1992)) was the alleviation of poverty and the protection and promotion of the health and safety of the people of the State. *Jacobson*, 171 Ill. 2d at 324. The legislation did not further the purpose of the Public Aid Code because it had the effect of placing the heaviest financial

17

burden on those who could least afford it. The court also noted that another policy consideration behind the Public Aid Code was to maintain and strengthen the family unit. *Jacobson*, 171 Ill. 2d at 327-28; 305 ILCS 5/1-1 (West 1992). Requiring reimbursement only where the children resided with their parents was contrary to the purpose of the Public Aid Code. *Jacobson*, 171 Ill. 2d at 328. In this case, we have determined that police officers receiving disability benefits are not similarly situated to retired police officers, and on that alone, an equal protection challenge fails. *Masterson*, 2011 IL 110072, ¶ 25. Moreover, in contrast to *Jacobson*, the classification in this case is not at odds with the purpose of section 5-227. We cannot say that the classification lacks any rational basis to the State's interest in deterring police officers from committing a felony and especially when they are already receiving the benefits attendant to their positions as police officers.

¶ 56    The plaintiff's reliance on *City of Cleburne, Texas v. Cleburne Living Center*, *Inc.*, 473 U.S. 432 (1985) is misplaced. In that case the United States Supreme Court held that the denial of a special use permit for a home for disabled individuals violated their right to equal protection, where but for the fact they suffered from mental illness the permit would have been granted. The Court found that the denial of the permit was based on an irrational prejudice against the mentally disabled, rather than the legitimate concerns of the city. *City of Cleburne*, 473 U.S. at 450.

¶ 57    The plaintiff offers no evidence that the legislature's determination to treat police officers who are receiving disability benefits when convicted of a felony differently than retired police officers is based on anything other than a furtherance of the overall purpose of section 5-227, to deter police officers from benefiting from their criminal acts. See *Milner v. Apfel*, 148 F.3d 812 (7th Cir. 1998) (the denial of social security benefits to persons confined to

18

mental institutions after they were acquitted of felonies did not deny them equal protection even though such payments were not suspended for patients who were committed in civil proceedings).

¶ 58     The plaintiff failed to overcome the validity of the second paragraph of section 5-227. We conclude that section 5-227 does not deny the plaintiff his constitutional right to equal protection. As a police officer receiving disability benefits, the plaintiff is not similarly situated to an individual retired from the police force. We further conclude that the forfeiture of benefits required of police officers receiving disability benefits upon conviction of any felony without requiring that the felony relate to, arise out of or in connection with the officer's police service is rationally related to and furthers the purpose of section 5-227.

¶ 59                                        CONCLUSION

¶ 60     For all of the forgoing reasons, we confirm the decision of the Board terminating the plaintiff's disability benefit and affirm the order of the circuit court.

¶ 61     Decision of the Board confirmed; circuit court affirmed.