# Illinois Official Reports

## Appellate Court

---

### *Taylor v. Dart*, 2017 IL App (1st) 143684-B

---

| | |
|---|---|
| Appellate Court Caption | PERCY TAYLOR, Plaintiff-Appellee, v. THOMAS J. DART, Sheriff of Cook County, and THE COOK COUNTY SHERIFF'S MERIT BOARD, Defendants-Appellants. |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-3684 |
| Filed | May 12, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-26319; the Hon. Neil H. Cohen, Judge, presiding. |
| Judgment | Certified questions answered; the circuit court judgment is affirmed. |
| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Daniel F. Gallagher, James C. Pullos, and Nicole K. Pasquinelli, Assistant State's Attorneys, of counsel), for appellant Thomas J. Dart.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Maureen O. Hannon and Thomas Cargie, Assistant State's Attorneys, of counsel), for other appellant.<br><br>Richard R. Linden, of Law Offices of Richard Linden, of Chicago, for appellee. |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion.<br>Presiding Justice Gordon and Justice Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendants, Thomas J. Dart, Sheriff of Cook County (Sheriff Dart), and the Cook County Sheriff's Merit Board (Merit Board) (collectively, the defendants) filed this interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). The circuit court certified the following questions for our review:

> "Is a Cook County Sheriff's Merit Board member that was appointed on June 2, 2011 to serve a term which expired on March 19, 2012, a lawfully appointed member of the Merit Board when he presided over Percy Taylor's Merit Board Hearing on February 27, 2013? If the Merit Board member was not lawfully appointed to the Merit Board, does the decision of October 30, 2013 remain valid or is it rendered void?"

¶ 2    On September 23, 2016, this court issued its opinion in this case. In answer to the first certified question, we concluded that the October 30, 2013, decision of the Merit Board was void because the Merit Board was illegally constituted at the time of the decision to terminate the plaintiff's employment. In answer to the second certified question, we concluded that the October 30, 2013, decision of the Merit Board was not valid because it is void. *Taylor v. Dart*, 2016 IL App (1st) 143684, ¶ 47. We found that the Board forfeited its argument that any defect with the appointment of John R. Rosales was cured by the Board's subsequent ratification of his appointment. *Taylor*, 2016 IL App (1st) 143684, ¶ 46. The defendants filed a petition for leave to appeal to the Illinois Supreme Court.

¶ 3    On January 25, 2017, the Illinois Supreme Court denied the defendants' petition for leave to appeal. *Taylor v. Dart*, No. 121507 (Ill. Jan. 25, 2017). In exercise of its supervisory authority, the supreme court ordered this court to vacate that portion of the opinion in which this court declined to consider whether the Cook County Board of Commissioners had home rule authority to approve interim appointments to the Merit Board. The supreme court further directed this court to address that issue and determine whether a different outcome was warranted.

¶ 4                              BACKGROUND
¶ 5                              I. The Statute
¶ 6    Section 3-7002 of the Counties Code (Code) provides in pertinent part as follows:

> "There is created the Cook County Sheriff's Merit Board, hereinafter called the Board, consisting of 7 members appointed by the Sheriff with the advice and consent of the county board, except that on and after the effective date of this amendatory Act of 1997, the Sheriff may appoint 2 additional members, with the advice and consent of the county board, at his or her discretion. ***
>
> Upon the expiration of the terms of office of those first appointed (including the 2 additional members first appointed under authority of this amendatory Act of 1991 and under the authority of this amendatory Act of the 91st General Assembly), their respective successors shall be appointed to hold office from the third Monday in March of the year of their respective appointments for a term of 6 years and until their successors are appointed and qualified for a like term. As additional members are appointed under authority of this amendatory Act of 1997, their terms shall be set to

be staggered consistently with the terms of the existing Board members. No more than 3 members of the Board shall be affiliated with the same political party, except that as additional members are appointed by the Sheriff under authority of this amendatory Act of 1997 and under the authority of this amendatory Act of the 91st General Assembly, the political affiliation of the Board shall be such that no more than one-half of the members plus one additional member may be affiliated with the same political party. No member shall have held or have been a candidate for an elective public office within one year preceding his or her appointment." 55 ILCS 5/3-7002 (West 2012).

¶ 7                                     II. Facts

¶ 8      On May 5, 2011, Sheriff Dart requested approval from the Cook County Board to appoint John R. Rosales to the Merit Board to fill the vacancy of Commissioner Daniel Lynch, whose term on the Merit Board was to expire on March 19, 2012. The county board approved the Rosales appointment on June 1, 2011. After the expiration of Commissioner Lynch's term on March 19, 2012, Sheriff Dart did not reappoint Mr. Rosales to the Merit Board, and he has continued to serve as a member of the Merit Board.

¶ 9      On October 20, 2011, Sheriff Dart filed a complaint against the plaintiff, alleging misconduct and seeking to terminate his employment as a Cook County sheriff's police officer. On February 27, 2013, Mr. Rosales presided over the hearing held on Sheriff Dart's complaint against the plaintiff. On October 30, 2013, the Merit Board issued its decision, terminating the plaintiff's employment. The October 30, 2013, order was signed by Mr. Rosales and seven Merit Board members.

¶ 10     The plaintiff filed a complaint for administrative review of the Merit Board's decision. On May 7, 2014, the circuit court issued a memorandum and order, affirming the Merit Board's decision terminating the plaintiff's employment. The plaintiff moved for reconsideration of the order arguing, *inter alia*, that the appointment of Mr. Rosales to the Merit Board was invalid because he was not appointed to a six-year term as required by section 3-7002 of the Code (55 ILCS 5/3-7002 (West 2012)).

¶ 11     The circuit court granted the plaintiff's motion for reconsideration, finding that the appointment of Commissioner Rosales was invalid because he was appointed to less than a six-year term. The court rejected the defendants' argument that the decision of the Merit Board remained valid because seven lawful members voted to terminate the plaintiff's employment. The court found that the Merit Board was not lawfully constituted at the time it rendered its decision, and therefore, its decision could not be given effect. The circuit court vacated the Merit Board's October 30, 2013, decision, terminating the plaintiff's employment, and remanded the case for a new hearing on the charges against the plaintiff before a legally constituted Merit Board. The court denied the defendants' motion for reconsideration.

¶ 12     Following the circuit court's certification of the questions for review, the defendants filed their request for leave to appeal, which was granted by this court on December 23, 2014.

¶ 13 ANALYSIS

¶ 14 I. Standards of Review

¶ 15 Rule 308 requires that the certified questions presented to this court for review be questions of law. Therefore, our review is *de novo*. *Zlatev v. Millette*, 2015 IL App (1st) 143173, ¶ 17. This case also requires this court to construe section 3-7002 of the Code, which is also a question of law to which the *de novo* standard of review applies. *Majid v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 2015 IL App (1st) 132182, ¶ 13.

¶ 16 II. Discussion

¶ 17 "The fundamental principle of statutory construction is to ascertain and give effect to the intent of the legislature." *Gilchrist v. Human Rights Comm'n*, 312 Ill. App. 3d 597, 602 (2000). The court looks first at the statutory language, as it is the best indication of the intent of the drafters. *Majid*, 2015 IL App (1st) 132182, ¶ 16. Unless defined therein, the unambiguous words in the statute are to be given their plain and ordinary meanings. *Majid*, 2015 IL App (1st) 132182, ¶ 16. The statute must be applied so that no part is rendered superfluous. *Majid*, 2015 IL App (1st) 132182, ¶ 16. " 'Courts must also consider the reason and necessity for the law, the evils sought to be remedied and the purpose to be achieved.' " *Majid*, 2015 IL App (1st) 132182, ¶ 16 (quoting *DiFiore v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 313 Ill. App. 3d 546, 551 (2000)).

¶ 18 As an administrative body, the Merit Board obtains its power to act from the legislation creating it, and its power to act is strictly confined to that granted in the enabling statute. *Gilchrist*, 312 Ill. App. 3d at 601. Administrative agencies have no general or common-law powers. *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 165 (2002). Where an administrative body acts outside of its specific statutory authority, it acts without jurisdiction, and its actions are void and a nullity from their inception. *Daniels*, 201 Ill. 2d at 165. Where an agency's action is void, it may be attacked at any time, in any court, either directly or collaterally. *Daniels*, 201 Ill. 2d at 166.

¶ 19 With these principles in mind, we address the first certified question.

¶ 20 A. Is the Appointment of an Individual to the Merit Board for
Less Than a Six-Year Term Valid?

¶ 21 From the plain language of the statute, we glean that the purpose of section 3-7002 is to select individuals to serve on the Merit Board with the goal of achieving an experienced and politically balanced Merit Board. In order to achieve these goals, the statute requires that the members' terms be staggered, insuring that the Merit Board would always contain some experienced members and limiting the number of members from any one political party.

¶ 22 Section 3-7002 provides that members and their respective successors "shall be appointed to hold office *** for a term of 6 years and until their successors are appointed and qualified for a like term." 55 ILCS 5/3-7002 (West 2012). The term "shall" in a statute indicates a mandatory obligation, unless the context indicates otherwise. *Newkirk v. Bigard*, 109 Ill. 2d 28, 33 (1985). " '[S]hall' will not be given a permissive meaning where it is used with reference to any right or benefit to anyone, and the right and benefit depends upon giving a mandatory meaning to the word." *Newkirk*, 109 Ill. 2d at 33.

¶ 23    Under the plain language of the statute, an individual appointed to serve as a member of the Merit Board has the right to be appointed to a full six-year term. This would be in keeping with the statutory goals of experience and political balance, which would be compromised if the sheriff could appoint a member for less than the six-year term provided in the statute.

¶ 24    The supreme court's analysis in *Vuagniaux v. Department of Professional Regulation*, 208 Ill. 2d 173 (2003), is instructive. In that case, the department brought a complaint against the plaintiff before the Medical Disciplinary Board (Board). The department adopted the discipline recommended by the Board. On administrative review, the circuit court set aside the Board's decision and dismissed the department's complaint against the plaintiff, finding that the appointment of one Board member was not authorized by law. *Vuagniaux*, 208 Ill. 2d at 184.

¶ 25    In affirming the decision of the circuit court, the supreme court noted that section 7(A) of the Medical Practice Act of 1987 (Practice Act) (225 ILCS 60/7(A) (West 1998)) required that all Board members be appointed and their vacancies filled "by the Governor by and with the advice and consent of the Senate." (Internal quotation marks omitted.) *Vuagniaux*, 208 Ill. 2d at 185. While the Governor was authorized to act without the Senate when the Board recommended the removal of a member for misconduct or to make a vacancy appointment, the court determined that "participation by the Governor is always required." *Vuagniaux*, 208 Ill. 2d at 186. Neither the Practice Act nor the Illinois Constitution of 1970 permitted the appointment or involuntary removal of Board members without gubernatorial action. *Vuagniaux*, 208 Ill. 2d at 186.

¶ 26    We also find *Daniels* instructive. In *Daniels*, the plaintiff's case was assigned to a three-member panel of the Industrial Commission (Commission), but before the case could be heard, one of the panel members was elevated to Commission chairman. Another member of the panel resigned following a medical leave of absence. The new Commission chairman appointed individuals to fill his own vacancy and that of the resigning member. *Daniels*, 201 Ill. 2d at 163.

¶ 27    On review, the supreme court found that the vacancies were not filled in accordance with section 13 of the Workers' Compensation Act (Act) (820 ILCS 305/13 (West 1992)). *Daniels*, 201 Ill. 2d at 163. Section 13 provided that the Governor was vested with the responsibility of filling Commission vacancies by and with the consent of the Senate. While the Governor was empowered to make a temporary appointment until the next meeting of the Senate, he then must nominate some person to fill the position. *Daniels*, 201 Ill. 2d at 163.

¶ 28    The court in *Daniels* further determined that the statutory procedure for filling vacancies was consistent with the purposes of the Act. The court noted that the law was "carefully designed to insure that the Industrial Commission represents a balance of interests." *Daniels*, 201 Ill. 2d at 164. Under the Act, the Governor was required to make his appointments to the Commission in such a way that the interests of employers, workers, and impartial citizens were equally represented. No more than four members could be of the same political party.

¶ 29    The supreme court noted that arbitrators appointed to be "acting commissioners" were not subject to the partisanship restrictions and were deemed to be representative of citizens not identifying with employers or employees. The court recognized the risk to the goals of the Act, explaining as follows:

"Accordingly, if arbitrators could be designated as acting commissioners even after the commissioners whose workload they were handling left office, there would be no mechanism to insure that the balance of interests contemplated by the Act would be preserved. Through contrived designations and inaction by the Governor, the departure from office of sitting commissioners could be exploited to pack the Commission with members of the Governor's political party or representatives of whatever economic class the Governor favored. Such a result would be directly contrary to the Act's objectives." *Daniels*, 201 Ill. 2d at 164-65.

¶ 30    The supreme court vacated the decision of the Commission and remanded for a new hearing before a legally constituted panel. *Daniels*, 201 Ill. 2d at 167; see *Gilchrist*, 312 Ill. App. 3d 597 (Human Rights Commission's decision based on the administrative judge's recommended order and decision was vacated and the case remanded for a new hearing, where the Commission had no statutory authority to accept the recommended order and decision of the administrative law judge since the judge had not presided over the public hearing as required by the Illinois Human Rights Act).

¶ 31    Like section 13 of the Act, section 3-7002 of the Code is designed to ensure that the goals of experienced membership and political balance are met. Like section 13, there is no provision for assuring that those goals are met where the appointment is for less than the six-year term required by the statute. In this case, once an appointment to a shorter term is made, the statute requires that the successor be appointed "for a like term." In the long run, such shorter terms put at risk the makeup of the Merit Board as contemplated by section 3-7005.

¶ 32    The defendants contend, next, that the statute implicitly gives the sheriff the power to appoint members to less than six-year terms. "The agency's authority must either arise from the express language of the statute or 'devolve by fair implication and intendment from the express provisions of the [statute] as an incident to achieving the objectives for which the [agency] was created.'" *Vuagniaux*, 208 Ill. 2d at 188 (quoting *Schalz v. McHenry County Sheriff's Department Merit Comm'n*, 113 Ill. 2d 198, 202-03 (1986)). The defendants point out that at least four members are necessary for the Merit Board to perform its duties. See 55 ILCS 5/3-7005 (West 2012) ("the number of members that must be present to constitute a quorum shall be the number of members that constitute at least 40% of the Board"). The defendants argue that the authority to fill vacancies must be implied in the statute in order for the Merit Board to continue to conduct its business.

¶ 33    In *Vuagniaux*, the supreme court rejected a similar argument. The court concluded that "the removal of a Board member from participation in a specific disciplinary action does not empower the remaining Board members to sidestep the statutory nomination and confirmation process and invite another doctor to join them as a substitute." *Vuagniaux*, 208 Ill. 2d at 188-89. The Practice Act required only four of the seven voting members to constitute a quorum and provided that a vacancy did not impair the right of the quorum to conduct business. *Vuagniaux*, 208 Ill. 2d at 188. The court concluded that the power to appoint temporary members to the Board could not be implied from the statute as incident to achieving the Board's statutory purposes. *Vuagniaux*, 208 Ill. 2d at 189.

¶ 34    In the present case, under section 3-7005 of the Code (55 ILCS 5/3-7005 (West 2012)), four Merit Board members are required to constitute a quorum to transact the business of the Board. Since there was no need to fill an unexpired term in order for the business of the

Merit Board to continue, the authority of the sheriff to appoint an individual to an unexpired term cannot be implied as necessary to the Merit Board to perform its duties.

¶ 35    *Phoenix Bond & Indemnity Co. v. Pappas*, 309 Ill. App. 3d 779 (1999), relied on by the defendants, is distinguishable. In that case, the reviewing court held that the legislative grant to the county collector to hold auctions necessarily implied the authority to make rules to deal with the conduct of the auction. *Phoenix Bond & Indemnity Co.*, 309 Ill. App. 3d at 784. In the present case, other than a quorum requirement, which was not challenged, nothing else was required for conducting the business of the Merit Board. Therefore, there was no need to imply statutory authority for the appointment of individuals for less than the six-year term in order for the business of the Merit Board to proceed.

¶ 36    We reject the defendants' argument that we should defer to the Merit Board's determination that section 3-7002 permits interim appointments and that interim members have the power to act until they are replaced. While deference to an agency's interpretation of its own rules is normally given, the court is not bound by an agency's interpretation that conflicts with the statute, is unreasonable or is erroneous. *Crittenden v. Cook County Comm'n on Human Rights*, 2013 IL 114876, ¶ 19.

¶ 37    We answer the first certified question in the negative. Section 3-7002 of the Code does not authorize the Sheriff of Cook County either explicitly or by implication to appoint an individual to the Merit Board for less than a six-year term. We now address the second certified question.

¶ 38            B. If the Merit Board Member Was Not Lawfully Appointed to the Merit Board,
                Does the Decision of October 30, 2013, Remain Valid or Is It Rendered Void?

¶ 39    "A decision rendered by an administrative agency which lacks jurisdiction over the parties or the subject matter, or which lacks the inherent power to make or enter the decision involved, is void and may be attacked at any time or in any court, either directly or collaterally." *Board of Education of the City of Chicago v. Board of Trustees of the Public Schools Teachers' Pension & Retirement Fund*, 395 Ill. App. 3d 735, 739 (2009). In contrast, " '[a] voidable judgment is a judgment entered erroneously by a court having jurisdiction.' " *Babcock v. Wallace*, 2012 IL App (1st) 111090, ¶ 14 (quoting *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 126 (2002).

¶ 40    The defendants rely on *Peabody Coal Co. v. Industrial Comm'n*, 349 Ill. App. 3d 1023 (2004). In that case, Paul Rink was appointed by the Governor to fill an unexpired term of Commissioner Robert Madigan who resigned. Commissioner Madigan's term ran until January 17, 2005, but Mr. Rink's appointment expired on December 31, 2002. The Governor also appointed Diane Ford to Mr. Rink's position, commencing on January 17, 2003. The Senate approved both appointments. The employee's case was heard by a three-member panel, including Mr. Rink. The decision was issued by two commissioners from the original Commission panel and Ms. Ford, who had replaced Mr. Rink. *Peabody Coal Co.*, 349 Ill. App. 3d at 1026-27.

¶ 41    On appeal, the Industrial Division of the Appellate Court *sua sponte* raised the validity of the commission's decision. The court determined that there was no authority under section 13 of the Act permitting the Governor to limit the term of a commissioner. Once the Senate approved Mr. Rink's appointment, there was no longer any vacancy to which Ms. Ford could

be appointed. Therefore, Ms. Ford was never validly appointed as a member of the Commission. *Peabody Coal Co.*, 349 Ill. App. 3d at 1028.

¶ 42    Nonetheless, the court in *Peabody Coal Co.* found the Commission's decision voidable rather than void, declining to follow *Daniels*. The court noted that *Daniels* was a plurality opinion. See *Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247, 269 (2007) (recognizing that plurality opinions are not binding precedent); *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 845 (2000) (" '[P]lurality decisions of a state supreme court, in which no majority agrees to the reasoning, are not binding under the doctrine of *stare decisis*.' " (quoting 5 Am. Jur. 2d *Appellate Review* § 602, at 298 (1995))). Of the four concurring justices in *Daniels*, only two held that the Commission's decision was void because of the illegality of the appointments of the two participating commissioners. *Peabody Coal Co.*, 349 Ill. App. 3d at 1028 (citing *Daniels*, 201 Ill. 2d at 165-67). The two specially concurring justices, as well as the three dissenting justices, would find that the Commission's decision was not void. *Peabody Coal Co.*, 349 Ill. App. 3d at 1028-29.[1]

¶ 43    Having determined that the Commission's decision was voidable rather than void, the court in *Peabody Coal Co.*, considered whether the *de facto* officer doctrine applied. *Peabody Coal Co.*, 349 Ill. App. 3d at 1029. Under the *de facto* officer doctrine, an individual who is performing the duties of an office under color of title is considered to be an officer *de facto*, and the acts of the individual as an officer are valid so far as the public and interested third parties are concerned. *Peabody Coal Co.*, 349 Ill. App. 3d at 1029 (citing *Vuagniaux*, 208 Ill. 2d at 186-87); compare *Daniels*, 201 Ill. 2d at 176-77 (McMorrow, J., specially concurring, joined by Freeman, J.) (*de facto* officer doctrine did not apply where the worker raised the validity of the Commission's decision on direct review, but it should apply to preserve the validity of the decisions rendered by the Commission); see also *Vuagniaux*, 208 Ill. 2d at 186-87 (*de facto* officer doctrine did not apply where the plaintiff raised the validity of the member's appointment in the disciplinary proceeding).

¶ 44    The court in *Peabody Coal Co.*, concluded that the *de facto* officer doctrine applied to prevent the invalidation of Ms. Ford's acts. *Peabody Coal Co.*, 349 Ill. App. 3d at 1029. The court noted that the plaintiff never challenged the validity of the Commission's decision based on the participation of an illegally appointed panel member. The issue was raised *sua sponte* by the reviewing court. Since the decision of the Commission was not void, the court held that "any attack on [the decision's] validity by reason of [Ms.] Ford's participation has been waived by reason of [the plaintiff's] failure to raise the issue." *Peabody Coal Co.*, 349 Ill. App. 3d at 1029. However, even if the Merit Board's decision was voidable, the *de facto* officer doctrine would not apply in this case because the plaintiff raised the illegality of Mr. Rosales's appointment to the Merit Board on direct review, not in a collateral proceeding. See *Vuagniaux*, 208 Ill. 2d at 187.

¶ 45    The defendants also rely on *Max Shepard, Inc. v. Industrial Comm'n*, 348 Ill. App. 3d 893 (2004). However, in that case, the reviewing court found that Mr. Rink's temporary appointment was made in accordance with the statute, and the court stated that it need not address the Commission's authority to make appointments for less than the unexpired term of

---

[1]Justice Kilbride concurred in Chief Justice Harrison's opinion holding that the Commission's decision was void. Justice McMorrow specially concurred, joined by Justice Freeman. Justice Fitzgerald dissented, and Justice Thomas dissented, joined by Justice Fitzgerald and Justice Garman.

a commissioner, the issue in the case before us. *Max Shepard, Inc.*, 348 Ill. App. 3d at 899-900.

¶ 46    In the present case, section 3-7002 of the Code did not authorize Sheriff Dart to appoint Mr. Rosales to less than a six-year term. His participation in the hearing and the decision of the Merit Board in this case requires that the Merit Board's decision be vacated and remanded for a hearing before a legally constituted Merit Board as the circuit court ordered. See *Vuagniaux*, 208 Ill. 2d at 189 (causes remanded to administrative agencies when original agency decisions were found to have been made by or with the participation of public officers, whose appointments were not authorized by statute, citing *Daniels* and *Gilchrist*).

¶ 47                                    C. Issue on Remand

¶ 48    The supreme court's supervisory order directed this court to address the following issue: whether the Cook County Board of Commissioners had home rule authority to approve interim appointments to the Cook County Sheriff's Merit Board.

¶ 49    There is no dispute that the County of Cook is a home rule unit of government. Article VII, section 6 of the Illinois Constitution provides in pertinent part:

"Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, § 6(a).

¶ 50    "Home rule is based on the assumption that municipalities should be allowed to address problems with solutions tailored to their local needs." *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 29. Section 6(a) was intended to give home rule units the broadest powers possible, and their powers and functions were to be construed liberally. *Palm*, 2013 IL 110505, ¶ 30; Ill. Const. 1970, art. VII, § 6(m). The legislature may provide that the State has exclusive authority to act in an area, but the statute must contain an express statement that it is a limitation or denial of home rule powers. *Palm*, 2013 IL 110505, ¶ 31. In the absence of such provision, a municipal ordinance and a state statute may operate concurrently. Ill. Const. 1970, art. VII, § 6(i).

¶ 51    The defendants rely on *American Health Care Providers, Inc. v. County of Cook*, 265 Ill. App. 3d 919 (1994). In that case, this court held that, as a home rule unit, the County was exempt from the competitive bidding requirements contained in the Counties Code. The court determined that the County's procurement method was a matter pertaining to its government and affairs under section 6(a) and that the legislature had not enacted the express language required by section 6(h) that the State was taking exclusive control over the County's home rule power to procure contracts. *American Health Care Providers, Inc.*, 265 Ill. App. 3d at 926, 928-29; see Ill. Const. 1970, art. VII, § 6(h). Unlike the present case, *American Health Care Providers, Inc.* did not involve a void action taken by an administrative agency but rather the conflicting requirements for contract procurement.

¶ 52    The plaintiff relies on *Stroger v. Regional Transportation Authority*, 201 Ill. 2d 508 (2002). In that case, the plaintiffs argued that the provision in the Regional Transportation Authority Act (Act) (70 ILCS 3615/3.01 (West 1998) for the appointment of members to the Regional Transportation Authority Board (RTA Board) violated section 6(f) of article VII of the Illinois Constitution (Ill. Const. 1970, art. VII, § 6(f)) in that it changed the form of

government of a home rule unit without conducting a referendum. The court in *Stroger* rejected the argument that the office of president of the Cook County board was similar to the office of governor. Therefore, the chairman exercised the same powers as the governor to " 'nominate and *** appoint all officers whose election or appointment is not otherwise provided for.' " *Stroger*, 201 Ill. 2d at 526 (quoting Ill. Const. 1970, art. V, § 9(a)). The court noted that " '[T]he power to appoint to office is not inherent in the executive department unless conferred by the constitution or the legislature[.] *** [T]he creation of officers, the delegation and regulation of the powers and duties of officers and the prescribing of the manner of their appointment or election are legislative functions, which are restrained only by the Constitution.' " *Stroger*, 201 Ill. 2d at 527 (quoting *People ex rel. Gullett v. McCullough*, 254 Ill. 9, 16 (1912)). The court rejected the plaintiffs' home rule argument, holding that since the president of the Cook County board had no inherent power to appoint directors of the RTA, the legislature was within its authority to establish the RTA and provide for its governance. *Stroger*, 201 Ill. 2d at 528.

¶ 53 Like the RTA Board, the Merit Board is an administrative agency. As we earlier observed, administrative agencies have no general or common-law powers. *Daniels*, 201 Ill. 2d at 165. In the present case, the sheriff has no powers conferred by the Illinois Constitution, and there are no provisions in section 3-7002 of the Code for the making of interim appointments. In the absence of any constitutional, statutory, or inherent power, the Cook County board had no home rule authority to approve Sheriff Dart's interim appointment of Mr. Rosales to the Merit Board.

¶ 54                                    CONCLUSION

¶ 55 In answer to the first certified question, the October 30, 2013, decision of the Merit Board was void because the Merit Board was illegally constituted at the time of the decision to terminate the plaintiff's employment. In answer to the second certified question, the October 30, 2013, decision of the Merit Board is not valid because it is void. Finally, we hold that the Cook County Board of Commissioners did not have home rule authority to approve Sheriff Dart's interim appointment of Mr. Rosales to the Cook County Sheriff's Merit Board.

¶ 56 Certified questions answered; the circuit court judgment is affirmed.