2019 IL App (1st) 182143

SIXTH DIVISION
JULY 26, 2019

No. 1-18-2143

| | | |
|---|---|---|
| JACOB PIETRYLA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 17 CH 15753 |
| THOMAS J. DART; COOK COUNTY ILLINOIS, | ) | |
| and THE COOK COUNTY SHERIFF'S MERIT | ) | |
| BOARD, | ) | Honorable |
| | ) | Anna H. Demacopoulos, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1       In his complaint for declaratory, *mandamus*, injuctive and other relief, plaintiff-appellant

Jacob Pietryla alleged that his termination by defendant-appellee Cook County Sheriff's Merit

Board (Board) was void where the Board was improperly constituted. The circuit court of Cook

County dismissed his first amended complaint pursuant to section 2-619 of the Code of Civil

Procedure (735 ILCS 5/2-619 (West 2016)) on the basis that the *de facto* officer doctrine applied

to bar his claims. Pietryla appeals, and for the reasons that follow, we affirm the judgment of the

circuit court of Cook County.

¶ 2                            BACKGROUND

¶ 3       Following a hearing in February 2012, the Board terminated Pietryla's employment as a

corrections officer based on Pietryla's plea of guilty to the charge of battery. Pietryla appealed

his termination to the circuit court pursuant to the Administrative Review Law (*id.* § 3-104). On

February 7, 2013, the circuit court affirmed the Board's decision. Pietryla did not appeal to this court.

¶ 4    Nearly five years later, on November 30, 2017, Pietryla filed a complaint in the circuit court of Cook County seeking "declaratory, injuctive, mandamus, and other relief, including reinstatement and back pay." His first amended complaint, at issue here, was filed on May 18, 2018, against defendants Thomas Dart, in his official capacity as the sheriff of Cook County, the Board, and Cook County. In that complaint, Pietryla alleged the following defects in the Board: (i) all Board members were appointed to less than six-year terms, (ii) some Board members had nonstaggered terms, *i.e.*, their terms ended at the same time; (iii) the Board's chairperson and secretary had held their positions for longer than two years, and (iv) Board member Richard Hogan continued to sit on the board after his term expired in 2010 despite not being reappointed. According to Pietryla, these defects rendered the Board "improperly constituted," and therefore, its decision to terminate him was "void from inception."

¶ 5    Defendants moved to dismiss Pietryla's first amended complaint based, in relevant part, on operation of the *de facto* officer doctrine. The circuit court, after hearing argument, agreed that the doctrine was applicable and granted defendants' motion to dismiss with prejudice in a written order on August 28, 2018.

¶ 6    Pietryla moved to reconsider, which the court denied without additional briefing or argument in October 2018. Pietryla timely appealed.

¶ 7                                    ANALYSIS

¶ 8    We note that we have jurisdiction to review this matter, as Pietryla filed a timely notice of appeal following the denial of his motion for reconsideration. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 304 (eff. Mar. 8, 2016).

¶ 9    A motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure admits the legal sufficiency of the complaint but asserts an affirmative matter that avoids or defeats the claim. *Sorce v. Armstrong*, 399 Ill. App. 3d 1097, 1098 (2010). Deciding a section 2-619 motion to dismiss requires the court to interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003) (citing *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997)). We review *de novo* an order granting a section 2-619 motion to dismiss. *Moon v. Rhode*, 2016 IL 119572, ¶ 15.

¶ 10    The sole issue on appeal is whether the *de facto* officer doctrine operates to bar Pietryla's challenge to the composition of the Board. Accordingly, we begin with a brief history of the doctrine. The *de facto* officer doctrine has its foundation in equity and provides that an act performed by a " 'person acting under the color of official title' " is valid even if it is later discovered that the " 'legality of that person's appointment or election to office is deficient.' " *Lopez v. Dart*, 2018 IL App (1st) 170733, ¶ 47 (quoting *Ryder v. United States*, 515 U.S. 177, 180 (1995)). In other words, "where there is an office to be filled and one acting under color of authority fills the office and discharges its duties, his actions are those of an officer *de facto* and binding upon the public." *McDowell v. United States*, 159 U.S. 596, 602 (1895). The purpose underlying the *de facto* officer doctrine is to protect the "orderly functioning of the government" by preventing the chaos that would ensue by multiple suits challenging "every action taken by every official whose claim to office could be open to question." (Internal quotation marks omitted.) *Ryder*, 515 U.S. at 180-81. Thus, while it is indubitably an ancient doctrine, "it has retained its vitality over the years because of its practicality." *Lopez*, 2018 IL App (1st) 170733, ¶ 48 (discussing "feudal origins" of doctrine).

¶ 11 The doctrine distinguishes between direct and collateral attacks on an officer's authority.[1] A collateral attack challenges government action on the ground that it was undertaken by officers not properly in office, while a direct attack challenges the officer's qualifications as opposed to the actions that officer took. *Id.* ¶ 49. Pursuant to the doctrine, only direct attacks are permitted. *Id.*; see *People v. Woodruff*, 9 Ill. 2d 429, 437 (1956) ("[T]he title to an office cannot be decided in a collateral suit but only in a direct proceeding for that purpose.").

¶ 12 Recent supreme court jurisprudence, however, has somewhat relaxed the rule to permit a collateral challenge under certain limited circumstances. See *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160 (2002) (plurality opinion). This court in *Lopez*, upon undertaking a review of *Daniels* and other supreme court precedent, explained that application of the doctrine requires courts to balance two competing public interests: (i) promoting the orderly functioning of government and (ii) discovering and exposing illegal appointments to ensure that administrative agencies comply with the statutes that govern them. *Lopez*, 2018 IL App (1st) 170733, ¶ 58. To that end, the *Lopez* court adopted Illinois Supreme Court Justice McMorrow's special concurrence in *Daniels*, which would permit only the first challenger to an agency's improper appointment to invalidate the agency's decision. *Id.* As Justice McMorrow explained, this approach would incentivize those affected by officers' decisions to bring illegalities in the officers' appointments before the judiciary for review. *Daniels*, 201 Ill. 2d at 176 (McMorrow, J., specially concurring). Absent a "first challenger" exception, "[c]laimants would have no reason to bring irregularities *** to the attention of the courts if it were the rule that they could never obtain relief." *Id.* Thus, the

---

[1] Contrary to Pietryla's understanding, the direct/collateral distinction as it relates to the *de facto* officer doctrine has no bearing on the direct/collateral distinction as it relates to the timing of raising an issue on appeal.

exception protects the public's interest in having illegal actions or appointments "uncovered, reported and addressed by the courts." *Id.*

¶ 13    Applying these principles to this case, we begin by noting that Pietryla does not challenge the qualifications of the Board's members independent of any action they have taken; rather, he challenges the actions of the Board in terminating him on the ground that the Board members were not properly in office. This is a quintessential collateral attack that is ordinarily barred by the *de facto* officer doctrine.

¶ 14    There have been many such attacks to the Board's composition in recent years, beginning with *Taylor v. Dart*, 2017 IL App (1st) 143684-B. In *Taylor*, the plaintiff, a police officer who had been terminated by the Board, challenged his termination on the grounds that Board member John Rosales was appointed for less than a six-year term, contrary to section 3-7002 of the Counties Code (Code) (55 ILCS 5/3-7002 (West 2016) (creating the Board)). *Taylor*, 2017 IL App (1st) 143684-B, ¶ 10. The circuit court agreed and reversed the plaintiff's termination, and on appeal, this court affirmed, finding that because the Board was not lawfully constituted, its decision was void as a matter of law. *Id.* ¶¶ 11, 46, 56.

¶ 15    After this court's decision in *Taylor*, in 2017, the legislature amended section 3-7002 of the Code by dissolving the Board and authorizing interim appointments for less than six years in the case of vacancies. See Pub. Act 100-562, § 5 (eff. Dec. 8, 2017). Since the 2017 amendment, this court has rejected all collateral challenges to the composition of the Board based on the *de facto* officer doctrine. See, *e.g.*, *Acevedo v. Cook County Sheriff's Merit Board*, 2019 IL App (1st) 181128; *Cruz v. Dart*, 2019 IL App (1st) 170915; *Lopez*, 2018 IL App (1st) 170733. *Contra Goral v. Dart*, 2019 IL App (1st) 181646, ¶¶ 97-99, 105 (finding *de facto* officer doctrine did not bar the plaintiffs' challenges to the Board's composition where their disciplinary actions before

the Board were pending when *Taylor* was decided and where no final administrative decision had been rendered at the time of the plaintiffs' complaint).

¶ 16    Pietryla attempts to distinguish these post-*Taylor* cases by arguing that unlike previous challengers, who objected to one, two, or three members of the Board, he cites irregularities in the appointment of all nine members of the Board. This, he contends, renders the Board's decision void.

¶ 17    An agency order is void if the agency lacked either personal or subject-matter jurisdiction or lacked the inherent power to enter the order at issue. *Newkirk v. Bigard*, 109 Ill. 2d 28, 36 (1985). Pietryla argues that, because of the extent of the irregularities in the appointment of Board members, the Board lacked the power to order his termination. But our supreme court has repeatedly held that decisions in which an invalidly appointed officer participated are *not* void; rather, the operation of the *de facto* officer doctrine renders those decisions valid. See *Daniels*, 201 Ill. 2d at 173 (McMorrow, J., specially concurring); see also *Woodruff*, 9 Ill. 2d at 437 ("[T]he acts of officers *de facto* are as valid and effectual where they concern the public or the rights of third persons as though they were officers *de jure* ***."); *People ex rel. Hicks v. Lycan*, 314 Ill. 590, 593 (1924) (holding that improper constitution of members of board of review did not render its acts void). *Contra Taylor*, 2017 IL App (1st) 143684-B, ¶ 55 (finding termination decision of improperly constituted Board void).[2] This is true despite the fact that an entire agency's appointments are challenged. See *Leach v. People ex rel. Patterson*, 122 Ill. 420, 427-28 (1887) (holding that, although statute governing composition of board of supervisors of

---

[2] This court has previously distinguished *Taylor* on the ground that the plaintiff in that case was the first to bring to light Rosales's improper appointment, thus falling under the "first challenger" exception to the *de facto* officer doctrine. *Lopez*, 2018 IL App (1st) 170733, ¶ 60.

Wayne County was unconstitutional (and thus all board members were invalidly appointed), acts of board remained valid under *de facto* officer doctrine).

¶ 18    Nor do we agree with Pietryla that the "first challenger" exception applies to save his claims. To be sure, no other litigant in this court has alleged irregularities in the appointment of all nine board members, nor has any litigant pointed out the specific irregularities Pietryla alleges, *i.e.*, nonstaggered terms, holdovers, and excessive chairman and secretary terms. However, the purpose of the first challenger exception—to provide litigants with an incentive to bring irregularities in appointments to our attention so as to satisfy the public interest in discovering and exposing illegal appointments—informs the result here. As noted above, the legislature has already dissolved the improperly appointed Board, which resolved all the deficiencies Pietryla alleges. *Supra* ¶ 15. Further, it has provided for staggered terms as well as interim appointments to fill vacancies on the Board, thereby precluding any future challenges based on these issues. Given that the identified deficiencies have been brought to light and rectified, we can conceive of no purpose that would be served by allowing Pietryla's challenge to proceed. To the contrary, allowing Pietryla to pursue relief would open the door to countless other plaintiffs to allege error or irregularities in the appointment of members of a now-dissolved Board. This would disrupt the orderly function of government that is the purpose of the doctrine. Further, the Board in its current formulation is no longer subject to the issues upon which Pietryla bases his complaint.

¶ 19                                    CONCLUSION

¶ 20    For the foregoing reasons, we affirm the circuit court of Cook County's dismissal of Pietryla's first amended complaint with prejudice.

¶ 21    Affirmed.

**No. 1-18-2143**

| | |
|---|---|
| **Cite as:** | *Pietryla v. Dart*, 2019 IL App (1st) 182143 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-CH-15753; the Hon. Anna H. Demacopoulos, Judge, presiding. |
| **Attorneys for Appellant:** | Cass T. Casper, of Talon Law, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Gretchen Harris Sperry, Kimberly A. Jansen, Robert T. Shannon, James M. Lydon, and Carson R. Griffis, of Hinshaw & Culbertson LLP, of Chicago, for appellee Thomas J. Dart.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Lyle K. Henretty and Jay Rahman, Assistant State's Attorneys, of counsel), for other appellees. |