2019 IL App (1st) 182486-U

SIXTH DIVISION
December 13, 2019

No. 1-18-2486

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LEKA VUKMARKAJ, | ) | Appeal from |
| | ) | the Circuit Court of Cook |
| Plaintiff-Appellant, | ) | County. |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS J. DART, Sheriff of Cook County, in His | ) | |
| Official and Individual Capacities; THE COOK COUNTY | ) | |
| SHERIFF'S MERIT BOARD; JAMES P. NALLY, | ) | No. 17 CH 12793 |
| Chairman; BYRON BRAZIER, Vice-Chairman; JOHN | ) | |
| DALICANDRO, Secretary; GRAY MATEO-HARRIS, | ) | |
| Board Member; BRIAN RIORDAN, Board Member; | ) | |
| VINCENT WINTERS, Board Member; JENNIFER BAE, | ) | |
| Board Member; KIM WIDUP, Board Member; PATRICK | ) | |
| BRADY, Board Member; and THE COUNTY OF COOK, | ) | |
| a Unit of Local Government and Indemnor, | ) | The Honorable |
| | ) | Thomas R. Allen, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1     *Held:* The *de facto* officer doctrine bars the plaintiff officer's claim that the decision terminating him was void because one irregularity he raised about the constitution of the Cook County Sheriff's Board has already been challenged and addressed, and the other irregularity was not raised before the circuit court and is therefore not proper for consideration on appeal.

¶ 2    After an administrative hearing, the Cook County Sheriff's Merit Board (hereinafter Merit Board or Board) issued a decision granting Sheriff Thomas J. Dart's request to terminate Leka Vukmarkaj as a correctional officer with the Cook County Department of Corrections. The circuit court affirmed the Board's decision. On appeal, Officer Vukmarkaj contends that the Merit Board's decision is void and must be vacated because the Merit Board was illegally constituted at the time of the termination proceedings. For the following reasons, we affirm the Board's finding that Officer Vukmarkaj's termination is valid under the *de facto* officer doctrine.

¶ 3                           I. BACKGROUND

¶ 4                      A. The Sheriff's Complaint

¶ 5    The Merit Board received Sheriff Dart's complaint, in which he sought to terminate Officer Vukmarkaj, on March 17, 2015. In the complaint, the Sheriff alleged that while Officer Vukmarkaj was working in the receiving and classification center on August 19, 2012, he used excessive force against Gregory Lamb, a detainee, by striking Mr. Lamb "several times in the head/face area and in the body with a closed fist," and then striking Mr. Lamb "several more times while [he] was on the ground and being restrained by [another correctional officer]." The Sheriff further alleged that Officer Vukmarkaj failed to include in his reports that he struck Mr. Lamb several times in the face and head area and about the body with a closed fist or that he struck Mr. Lamb several more times while he was on the ground and being restrained by another correctional officer.

¶ 6                      B. The Merit Board's Decision

¶ 7    After the Merit Board heard the charges against Officer Vukmarkaj on April 25, June 27, August 2, and August 29, 2016, the Board issued its decision on August 22, 2017. The Board found that Officer Vukmarkaj "used excessive force, was less th[a]n credible in his testimony and [was] inaccurate in his written reporting of the event." The Board concluded, after "evaluat[ing] the

2

credibility of the witnesses and the supporting evidence," that Officer Vukmarkaj violated the Cook County Sheriff's Orders and article X, paragraph B-3, of the Rules of the Cook County Sheriff's Merit Board. The Merit Board granted the Sheriff's request to terminate and remove Officer Vukmarkaj effective March 13, 2015.

¶ 8                                    C. Circuit Court Proceedings

¶ 9     On September 21, 2017, Officer Vukmarkaj filed his initial complaint for administrative review of the decision to terminate him in the circuit court. Officer Vukmarkaj alleged that the Merit Board's decision was against the manifest weight of the evidence and clearly erroneous, violated due process and the Illinois Uniform Peace Officers' Disciplinary Act, and "that the discipline imposed [wa]s arbitrary and capricious, unrelated to the requirements of the service, [wa]s based on trivial allegations, and d[id] not constitute sufficient cause for termination." Officer Vukmarkaj named Sheriff Dart and the Merit Board as defendants. As its answer to the complaint for administrative review, the Merit Board filed a certified copy of the record of its proceedings.

¶ 10    Before the parties began briefing the administrative review issue, Officer Vukmarkaj filed an amended complaint on March 12, 2018, relying on this court's opinion in *Taylor v. Dart*, 2017 IL App (1st) 143684-B (filed May 12, 2017). In his amended complaint, Officer Vukmarkaj alleged that "[a]t the time of the Merit Board's decision terminating [his] employment, the Sheriff's Merit Board was illegally constituted pursuant to the terms of the Cook County Sheriff's Merit Board Act, 55 ILCS 5/3-7001, *et seq.*" Specifically, Officer Vukmarkaj alleged that because the Merit Board was not constituted according to the Merit Board Act, the Merit Board's decision was void under *Taylor*. Based on this theory, Officer Vukmarkaj sought declaratory judgment, and injunctive and "make whole" relief, including reinstatement, back pay and benefits.

¶ 11    The Sheriff moved to dismiss Officer Vukmarkaj's amended complaint on May 3, 2018.

The Sheriff first argued that, because Officer Vukmarkaj had not exhausted his administrative remedies, the trial court lacked jurisdiction to consider the claim that the Merit Board was illegally constituted. The Sheriff further argued that the Merit Board's decision to terminate Officer Vukmarkaj could not be vacated because (1) Public Act 100-562 applied retroactively to validate the interim appointments, (2) the unlawfully appointed Merit Board members were *de facto* officers whose actions are deemed valid, and (3) the provisions of section 3-7002 of the Counties Code (55 ILCS 5/3-7002 (West 2016)) are directory, not mandatory, and departures from the statute do not invalidate the Merit Board's actions.

¶ 12 While the Sheriff's motion to dismiss was pending, we issued our opinion in *Lopez v. Dart*, 2018 IL App (1st) 170733. In *Lopez*, this court held that the *de facto* officer doctrine should not be applied to the first challenger of an improper appointment to invalidate the Merit Board's decision, but that the *de facto* officer doctrine barred claims by subsequent plaintiffs arguing that their termination decisions should be reversed based on the illegal appointment of one of the Merit Board's members. *Id.* ¶¶ 58-59. The circuit court granted the Sheriff's motion to cite *Lopez* as additional authority in support of his motion to dismiss Officer Vukmarkaj's amended complaint.

¶ 13 On October 25, 2018, the circuit court granted the Sheriff's motion to dismiss, noting that this court's opinion is *Lopez* was "dead on" and directly applied to the issues before it. The circuit court denied the Sheriff's other pending motions to dismiss as moot.

¶ 14 This appeal followed.

¶ 15 II. JURISDICTION

¶ 16 The circuit court affirmed the decision of the Merit Board on October 25, 2018. Officer Vukmarkaj filed a timely notice of appeal from that decision on November 26, 2018. This court has jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994)

4

and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 17                                III. ANALYSIS

¶ 18                      A. The Constitution of the Merit Board

¶ 19    Officer Vukmarkaj contends that the decision of the Merit Board is void because the Board was illegally constituted at the time it granted the Sheriff's request to terminate him. Officer Vukmarkaj, relying on our decision in *Taylor v. Dart*, 2017 IL App (1st) 143684-B, contends that the Board was improperly constituted because three members of the Board—Byron Brazier, John Dalicandro, and Kim Widup—were retroactively approved and five members of the Board—Brian Riordan, Patrick Brady, Jennifer Bae, Vincent Winters, and Gray Mateo-Harris—were all appointed by the Sheriff to interim terms of less than six years, and therefore his termination is void. In response, the Sheriff argues that the Board's decision is not void because the *de facto* officer doctrine applies and because a December 2017 amendment to section 3-7002 of the Counties Code (55 ILCS 5/3-7002 (West 2016)) retroactively allows the Sheriff to make appointments to terms shorter than six years.

¶ 20    At the time Officer Vukmarkaj's termination was being considered by the Merit Board, section 3-7002 of the Counties Code provided:

> "There is created the Cook County Sheriff's Merit Board *** consisting of *** 7 members appointed by the Sheriff with the advice and consent of three-fifths of the county board, except that the Sheriff may appoint 2 additional members, with the advice and consent of three-fifths of the county board, at his or her discretion. ***
>
> Upon the expiration of the terms of office of those first appointed *** their respective successors shall be appointed to hold office from the third Monday in March of

the year of their respective appointments for a term of 6 years and until their successors are appointed and qualified for a like term." 5 ILCS 5/3-7002 (West 2016).

¶ 21    On May 12, 2017, this court issued its opinion in *Taylor*, which was an appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), for the purpose of answering two certified questions: (1) whether the appointment of an individual to the Merit Board for a term of less than six years was a valid appointment and (2) if the Merit Board member was not lawfully appointed, whether the Board's decision was rendered void as a result. *Taylor*, 2017 IL App (1st) 143684-B, ¶¶ 1, 20, 38. We held that an appointment of less than six years was not valid and that a decision of the Board made with a member who had been appointed to a term of less than six years was void. *Id.* ¶¶ 2, 37, 46. We noted that the plain language of section 3-7002 gave individuals appointed to the Board the "right to be appointed to a full six-year term" and concluded that the statute did not authorize the Sheriff "either explicitly or by implication to appoint an individual to the Merit Board for less than a six-year term." *Id.* ¶¶ 23, 37. John R. Rosales, the Board member whose appointment was at issue in *Taylor*, had been appointed to a less-than-six-year term and then had continued to serve after his term had expired. *Id.* ¶ 8.

¶ 22    After our decision in *Taylor* issued, the legislature amended the statute to specifically authorize interim appointments by the Sheriff, effective December 8, 2017. Public Act 100-562 added the following to section 3-7002 of the Counties Code:

> "Each member of the Board shall hold office until his or her successor is appointed and qualified.
>
> In the case of a vacancy in the office of a member prior to the conclusion of the member's term, the Sheriff shall, with the advice and consent of three-fifths of the county board, appoint a person to serve for the remainder of the unexpired term." Pub. Act.

100-562, § 5 (eff. Dec. 8, 2017).

¶ 23    Since the 2017 amendment, this court has rejected all collateral challenges to the composition of the Board based on the *de facto* officer doctrine. See, *e.g.*, *Acevedo v. Cook County Sheriff's Merit Board*, 2019 IL App (1st) 181128; *Cruz v. Dart*, 2019 IL App (1st) 170915; *Lopez*, 2018 IL App (1st) 170733.

¶ 24    The first of these cases was *Lopez*, where we found that the *de facto* officer doctrine applied and that, therefore, the illegally appointed Board member in that case (John R. Rosales, the same Board member whose appointment was successfully challenged in *Taylor*) did not provide grounds for invalidating the Board's termination decision. *Lopez*, 2018 IL App (1st) 170733, ¶ 59.

¶ 25    Then, on January 22, 2019, this court issued its decision in *Cruz*. In that case, the officer challenged the appointments of three Board members—Kim Widup, Patrick Brady, and Gray Mateo-Harris—who were all appointed by the Sheriff to interim terms of less-than-six years. *Cruz*, 2019 IL App (1st) 170915, ¶ 28. This court found that although the officer challenged the appointments of different Board members than were at issue in *Taylor* and *Lopez*, the *de facto* officer doctrine applied because the officer "challeng[ed] the same 'irregularity' in appointment procedures of the Board that has already come to our attention and been addressed [in *Taylor*]." *Id.* ¶ 38.

¶ 26    Officer Vukmarkaj argues that *Cruz* is distinguishable from this case because the appellant in *Cruz* challenged the appointments of only three Board members. The outcome of this case, according to Officer Vukmarkaj, should be different because he challenges the appointments of five other (that is, in addition to the Board members challenged in *Cruz*) Board members. This argument of scale is unpersuasive. The "first challenger" rule, as applied in *Cruz*, concerns the appointment irregularity itself, not individual Board members whose appointments are irregular.

*Id.* ¶ 38. As this court reasoned in *Cruz*:

> "We read Justice McMorrow's concurring opinion [in *Daniels v. Industrial Comm'n*, 201
> Ill. 2d 160 (2002)] as focused on allowing the first challenger *of a particular problem* to
> bring that problem to the court's attention. As she put it: 'In my view, the *de facto* officer
> doctrine should not be employed in such a way that it forecloses judicial review of matters,
> such as irregularities in appointment procedures, when brought to the attention of the
> judiciary as a matter of first impression.' " (Emphasis added.) *Id.* (quoting *Daniels*, 201 Ill.
> 2d at 176 (McMorrow, J., specially concurring)).

Because Officer Vukmarkaj is challenging an "irregularity" in the Board's appointment procedures
that other challengers have already brought to our attention, *i.e.*, the appointment of Board
members to terms of less than six years, the *de facto* officer doctrine applies regardless of how
many improperly appointed Board members participated in the decision to terminate Officer
Vukmarkaj. *Acevedo*, 2019 IL App (1st) 181128, ¶ 36 (holding challenges to interim Board
appointments of less than six years are barred by the *de facto* officer doctrine because this
appointment irregularity was raised in *Taylor*, *Lopez*, and *Cruz*).

¶ 27    In this appeal, Officer Vukmarkaj also challenges the Board's composition based upon the
retroactive approval of three Board members. In *Acevedo*, the officer challenged the Board's
constitution on the grounds that certain members had been appointed to terms of less than six years
and the appointments of other members had been retroactively approved. *Id.* ¶ 4. However, we
declined to consider the officer's allegations concerning the retroactively approved Board
members because the officer failed to adequately raise this issue before the circuit court. *Id.* ¶ 37.

¶ 28    The same outcome is required here. Although Officer Vukmarkaj argues on appeal that the
Board was improperly constituted because certain Board members had been retroactively

approved, he failed to raise this potential irregularity before the circuit court. In his first amended complaint, Officer Vukmarkaj challenged the appointments of Board members Byron Brazier, John Dalicandro, and Kim Widup—the Board members whose retroactive approval he now challenges—solely on the basis that they were appointed to terms of less than six years. The *de facto* officer doctrine bars claims related to this irregularity. *Id.* ¶ 36. While the retroactive approval of Board members may be a discrete irregularity, we decline to consider any allegation raised for the first time on appeal that Officer Vukmarkaj's termination was void because certain Board members were retroactively approved. See *Wells Fargo Bank, N.A. v. Maka*, 2017 IL App (1st) 153010, ¶ 24 (stating that issues not raised in the trial court cannot be raised for the first time on appeal).

¶ 29    Where, as here, the Sheriff's employee first challenges the Board's constitution on administrative review, we agree with the careful reasoning of this court in *Lopez*, *Cruz*, and *Acevedo*, and find that the *de facto* officer doctrine controls the outcome. *Cf. Goral v. Dart*, 2019 IL App (1st) 181646, ¶¶ 107-12 (declining to apply the *de facto* officer doctrine where Sheriff's employee challenged the Board's constitution before the administrative proceeding's conclusion).

¶ 30    Officer Vukmarkaj also argues that applying the *de facto* officer doctrine to this case "flies directly in the face of public policy" because it would authorize the Sheriff to make deficient appointments with impunity. This public policy concern has been addressed. After this court's decision in *Taylor*, the legislature amended the Counties Code to expressly authorize the Sheriff to make interim appointments. See Pub. Act 100-562, § 5 (eff. Dec. 8, 2017). As for acting in the public interest, the balancing of interests Justice McMorrow suggested in *Daniels*—and that we employed in *Lopez*—weighs in favor of promoting the Board's "orderly functioning" (*Daniels*, 201 Ill. 2d at 175 (McMorrow, J., specially concurring)), rather than invalidating a government

agency's decision where the abnormality in appointments has been addressed by the legislature.

¶ 31    Lastly, any unfairness in having allowed the officer in *Taylor* to challenge his termination by questioning the Board's constitution while denying Officer Vukmarkaj the same opportunity is theoretical, not practical. Even if the Merit Board's decision was void because of the improper appointments, the appropriate remedy would be to remand the case to the Board for a new decision. See *id.* at 167 (majority). Thus, even if we agreed with Officer Vukmarkaj that the Board's decision is void because certain members were improperly appointed, Officer Vukmarkaj would not necessarily be reinstated and entitled to back pay and benefits—the relief Officer Vukmarkaj seeks.

¶ 32                                    IV. CONCLUSION

¶ 33    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 34    Affirmed.