2020 IL App (1st) 191264-U

FIFTH DIVISION
March 31, 2020

No. 1-19-1264

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LATONYA RUFFIN-STANFORD, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 15 CH 5722 |
| COUNTY OF COOK, THOMAS J. DART as Sheriff of Cook County, and THE COOK COUNTY SHERIFF'S MERIT BOARD, | ) ) ) ) | Honorable Pamela McLean Meyerson, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:*  We affirm the circuit court's entry of summary judgment in favor of the defendants. The *de facto* officer doctrine barred plaintiff's challenge to the Merit Board's order discharging her as a correctional officer.

¶ 2    Latonya Ruffin-Stanford sued the County of Cook, Sheriff Thomas J. Dart, and the Cook County Sheriff's Merit Board, seeking a declaratory judgment that the Merit Board's 2008 termination of her employment was invalid because the Merit Board was improperly constituted. The circuit court granted summary judgment to the defendants, finding that the *de facto* officer doctrine barred Ruffin-Stanford's claim. We affirm.

¶ 3    The following factual recitation is taken from the pleadings, exhibits, and evidence in the record. Ruffin-Stanford was employed as a correctional officer by the Cook County Sheriff. In 2008, the sheriff filed charges against her before the Merit Board, alleging that she gave false statements regarding her failure to secure her weapon in the trunk of her vehicle. After a hearing, the Merit Board sustained the charges and terminated Ruffin-Stanford's employment. She sought administrative review of that decision. The circuit court affirmed the Merit Board's termination order and this court affirmed. *Ruffin v. Cook County Sheriff's Merit Board*, No. 1-09-2398 (July 15, 2010) (unpublished order under Supreme Court Rule 23). In 2011, she also filed a federal lawsuit challenging her termination, alleging gender discrimination under the federal civil rights laws. The district court dismissed that case under the doctrine of *res judicata*. Ruffin-Stanford v. County of Cook, No. 11 C 747 (N. D. IL July 21, 2011).

¶ 4    In 2015, Ruffin filed a complaint for declaratory judgment in the circuit court of Cook County, seeking a declaration that the Merit Board's termination order was invalid because the board had been improperly constituted. In particular, she alleged that certain board members continued to serve after their terms had expired. She sought a declaration that her termination was null and void, reinstatement to her position, retroactive back pay, and benefits.

¶ 5    The defendants answered the complaint and asserted various affirmative defenses. The parties filed cross-motions for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2014)). In their motion, the defendants asserted that: (1) Ruffin-Stanford's claim was barred by *laches*; and (2) she forfeited her claim because she failed to raise the issue of the board's composition during her termination hearing, her administrative review case, or her federal discrimination case. The defendants acknowledged that, in *Taylor v. Dart*, 2016 IL App (1st) 143684, this court granted relief to a terminated employee on the basis

that the board was improperly constituted. However, the defendants argued that *Taylor* did not explore whether Cook County impliedly used its home rule authority to supersede the statutory term restrictions on the Merit Board members, and that a home rule analysis might warrant a different result. In response, Ruffin-Stanford argued that *Taylor* was controlling. In particular, she argued that the defendants' home rule argument was unsupportable in light of *Taylor*, that the county could not exercise its home rule powers through mere implication, and that *laches* could not bar her claim that the board's decision was void *ab initio*.

¶ 6     Ruffin-Stanford filed a cross-motion for summary judgment, arguing that at least "four members of the Merit Board who made the decision to terminate [her] were appointed for terms of less than six years, or remained on the Merit Board after their terms had expired without being reappointed as required under the statute." Her legal argument rested on the precedent set in *Taylor*. In response, the defendants repeated their home rule argument. They also contended that, under state law, board members could continue to serve if their terms had expired, until their successors took office; and that *laches* barred Ruffin-Stanford's claim.

¶ 7     On June 7, 2017, the circuit court issued a memorandum opinion and order which first noted that the parties agreed that the relevant facts were not in dispute. The court found *Taylor* to be controlling, granted Ruffin-Stanford's motion for summary judgment, denied the defendants' cross-motion, declared Ruffin-Stanford's termination void, and "remanded" the case to the Merit Board for a hearing before a "properly constituted" board. On June 16, Ruffin-Stanford filed a motion to "supplement" the court's earlier order, to address her requested back pay remedy.

¶ 8     On July 6, 2017, the defendants filed a notice of appeal from the June 7 summary judgment order (case no. 1-17-1771). A different panel of this court granted Ruffin-Stanford's motion to

dismiss that appeal on the basis that the summary judgment order was not appealable while Ruffin-Stanford's back pay motion "to supplement" was still pending.

¶ 9     Although they had an appeal pending, the defendants filed a motion in the circuit court (also on July 6) to stay further proceedings. The defendant's motion recited that on January 25, 2017, the Illinois Supreme Court issued a supervisory order, directing the appellate court to vacate that portion of its opinion in *Taylor* in which that court declined to determine whether the Cook County Board of Commissioners had home rule authority to approve interim appointments to the Merit Board. The supreme court further directed the appellate court to address that issue and determine whether a different outcome was warranted. The circuit court denied the motion for stay and set the matter for further status.

¶ 10     On December 8, 2017, Public Act 100-562 became effective. That act amended section 3-7002 of the Counties Code (55 ILCS 5/3-7002 (West 2016)), to abolish the terms of all sitting members of the Merit Board and establish a new term rotation schedule. New members of the Merit Board, some of whom were holdovers, were appointed pursuant to the new law.

¶ 11     On February 7, 2018, the circuit court granted Ruffin-Stanford's motion to supplement and found that she was entitled to back pay, less set-offs, and reinstatement to her position as a correctional officer. The court set the matter for further status regarding discovery on back pay and set-offs.

¶ 12     Around this time, the parties exchanged discovery regarding back pay. Sheriff Dart, now represented by outside counsel, moved to halt discovery and for reconsideration of the court's summary judgment and back pay orders. The motion for reconsideration raised two defenses, apparently for the first time: (1) that the circuit court lacked jurisdiction over Ruffin-Stanford's declaratory judgment claim because it was barred by the Administrative Review Law (735 ILCS

5/3-101 *et seq.* (West 2016)); and (2) that only the first terminated officer to challenge the Merit Board's composition could obtain relief, under the "first case" doctrine enunciated by Justice McMorrow's special concurrence in *Daniels v. Indus. Comm'n*, 201 Ill. 2d 160, 176-77 (2002) (McMorrow, J., specially concurring, joined by Freeman, J.). *Daniels* involved a challenge to the composition of the Illinois Industrial Commission. Justice McMorrow's special concurrence suggested that the first person to challenge should obtain relief, but that the *de facto* officer doctrine should apply to maintain the validity of the decisions rendered by the illegally composed commission in other cases. Dart's motion also argued that Ruffin-Stanford's claim was barred by *res judicata.* The other county defendants joined Dart's motion.

¶ 13    On September 28, 2018, the Third Division of this court issued an opinion in *Lopez v. Dart*, 2018 IL App (1st) 170733, a case in which another officer challenged both his termination by the Merit Board on administrative review, and the composition of the Merit Board itself. The *Lopez* court noted that the sheriff cited there were "over sixty" Merit Board challenge cases filed in the circuit court since *Taylor*. The opinion contains an exhaustive recitation of case law involving the *de facto* officer doctrine. The court held that under the *de facto* officer doctrine, the decision of the Merit Board was valid notwithstanding the board's composition. A few months later, the First Division issued an opinion in *Cruz v. Dart*, 2019 IL App (1st) 170915, following the rationale of *Lopez* and applying the *de facto* officer doctrine to reject the plaintiff's challenge to the composition of the Merit Board. In the court below, the parties filed supplemental briefs regarding *Lopez* and *Cruz.*

¶ 14    On June 12, 2019, the circuit court granted the defendants' motions to reconsider. Based on the new authority of *Lopez* and *Ortiz*, the court vacated its summary judgment and back pay

orders, granted summary judgment in favor of defendants and against Ruffin-Stanford, and dismissed the case with prejudice. This appeal followed.

¶ 15    On July 22, 2019, the assigned motion panel of this court granted Ruffin-Stanford's motion for stay. The panel noted that the parameters of the *de facto* officer doctrine were "still being explored by different decisions of this court" so that the outcome of this appeal was "difficult to predict". The panel required Sheriff Dart to reinstate Ruffin-Stanford to her position and stayed the termination of Ruffin-Stanford until further order of this court.

¶ 16                                  ANALYSIS

¶ 17    On appeal, Ruffin-Stanford argues that the circuit court erred in granting summary judgment to the defendants. She argues that: cases such as *Lopez* and *Cruz* were wrongly decided; the defendants waived their *de facto* officer defense by not raising it sooner below; the *de facto* officer doctrine does not apply here because the composition of the Merit Board was a "serious" deviation from the statutory norm; and her declaratory judgment action is not barred by either the Administrative Review Act or *res judicata.*

¶ 18    The defendants have filed a joint brief urging this court to follow the line of cases beginning with *Lopez.* They also argue that: Ruffin-Stanford's claim is barred by *res judicata*; they did not waive their *de facto* officer defense by raising it too late; and Ruffin-Stanford's claim is barred by her failure to list it as a claim in her Chapter 7 bankruptcy proceeding.

¶ 19    Above, we explained that the circuit court relied on *Lopez* and *Cruz* to find that the *de facto* officer doctrine barred Ruffin-Stanford's claims. While the circuit court was wrapping up its work on this case, and while this appeal was pending, other divisions of this court addressed virtually identical claims. First, on May 7, 2019, the Second Division issued an opinion in *Acevedo v. Cook County Sheriff's Merit Bd.*, 2019 IL App (1st) 181128, following *Cruz* and *Lopez,* and applying

the *de facto* officer doctrine to reject a terminated correctional officer's claim that the Merit Board's decision to fire him was void.

¶ 20    On June 19, 2019, the Third Division issued an opinion in *Goral v. Dart*, 2019 IL App (1st) 181646. The twist in *Goral* is that the plaintiffs therein had cases pending before the improperly constituted Merit Board which were stayed when *Taylor* was issued. Once the General Assembly enacted Public Act 100-562 and the board was reconstituted with newly appointed members, the sheriff amended the then-pending charges against the *Goral* plaintiffs, essentially to start things afresh before the new Merit Board. *Id.*, ¶¶ 16-18. The plaintiffs sued on several theories—some relating to the original composition of the Board, and some relating to the Board as reconstituted after Public Act 100-562 became effective. The circuit court dismissed all the claims for lack of jurisdiction, reasoning that the plaintiffs had failed to exhaust their administrative remedies. On appeal, the *Goral* court found that the circuit court had jurisdiction over some of plaintiffs' claims even though they had failed to exhaust their administrative remedies. Along the way, the *Goral* court cited the *de facto* officer doctrine of *Lopez* and *Cruz* with approval, noting that after *Taylor*, employees with pending claims (like the *Goral* plaintiffs) could still challenge the board's composition but those with cases already resolved could not. *Id.*, ¶ 105. Our supreme court granted the county defendants' petition for leave to appeal in *Goral* on September 25, 2019, and the case is now in the final briefing stage in that court. It is fair to say that *Goral* will address the *de facto* officer doctrine as it applies to the Cook County Sheriff's Merit Board, which will in turn affect, and possibly resolve, the many pending claims, cases, and appeals challenging the Merit Board's composition.

¶ 21 On July 26, 2019, the Sixth Division issued an opinion in *Pietryla v. Dart*, 2019 IL App (1st) 182143, which also followed *Lopez* and *Cruz* and applied the *de facto* officer doctrine to reject the plaintiff's claims regarding the constitution of the Merit Board.

¶ 22 Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). Summary judgment is a drastic measure and should only be granted when the moving party's right to judgment is "clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). "Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied." *Id*. We review a circuit court's entry of summary judgment *de novo*. *Outboard Marine Corp.*, 154 Ill. 2d at 102.

¶ 23 Here, there are no disputed facts and the court resolved the dispute as a matter of law. We therefore look to the most analogous recent cases regarding the constitution of the Merit Board, which are *Cruz*, *Lopez*, *Acevedo*, and *Pietryla.* All involved employees whose cases had long been resolved and challenged their disciplinary action on the basis that the Merit Board was improperly constituted. While we are not required to follow these cases, we find they are well-reasoned and we find no reason to depart from their analysis. We therefore hold that the circuit court properly granted summary judgment to the defendants based on the *de facto* officer doctrine. We note that our supreme court is likely to address the issue soon in the appeal it granted in *Goral*.

¶ 24 We are unpersuaded by Ruffin-Stanford's attempt to distinguish her case from the *Lopez* line of cases on the basis that those cases involved Merit Board members who were appointed to terms of improper length, whereas her challenge is to board members who served longer than their

allotted terms. The *de facto* officer doctrine is grounded in public policy. Justice McMorrow's special concurrence in *Daniels*, which the *Lopez* court adopted, explains:

> "By permitting the claimant who brought the illegal appointments to light to receive a new hearing, the incentive to discover and pursue such illegality is maintained. Once the matter has been litigated and decided by the courts, however, the public interest in uncovering and addressing illegality is served. At that juncture, the public interest in preserving the validity of a large multitude of commission decisions takes precedence. Public policy and competing public interests often require courts to draw equitable lines. That line is best drawn in this case by permitting Daniels a new hearing, but by applying the *de facto* officer doctrine to maintain the validity of the decisions rendered by the illegally composed commission in other cases." *Daniels*, 201 Ill. 2d at 176–77 (McMorrow, J., specially concurring, joined by Freeman, J.).

¶ 25    Under that analysis, whether the board members in question were serving terms of improper length or were holding over is a distinction without a difference. We therefore reject Ruffin-Stanford's contention that this case does not fit within the *Lopez* framework. See also *Pietryla*, ¶ 18 (applying Justice McMorrow's special concurrence in *Daniels* to reject attempt to distinguish challenge against all board members from cases involving less than all the board members).

¶ 26    We likewise decline to reverse the court below on the basis that the defendants waived the *de facto* officer doctrine by failing to raise it until their motion for reconsideration. Waiver is a limitation on the parties and not the court. *Collins v. Lake Forest Hospital*, 213 Ill. 2d 234, 239 (2004). "The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, *changes in the law*, *or errors in the court's previous application of existing*

*law*." (Emphasis added.) *Farmers Automobile Insurance Ass'n v. Universal Underwriters Insurance Co.*, 348 Ill. App. 3d 418, 422 (2004). Throughout the pendency of the case in the court below, the case law was rapidly changing, and the court hardly abused its discretion by allowing defendants to rely on new and highly relevant case law, regardless of whether it had been argued at an earlier stage.

¶ 27    We affirm the order of the circuit court granting summary judgment to the defendants. The stay granted by the motion panel shall dissolve upon the issuance of this court's mandate. We need not address the defendants' additional contention that Ruffin-Stanford's lawsuit is barred by the doctrine of *res judicata* or by her failure to assert it as a claim in her bankruptcy case.

¶ 28    Affirmed.